Hoshaw v. Gullett.

O. N. HOSHAW, Defendant in Error, *vs.* JOHN GULLETT, Plaintiff in Error.

1. *Attachment—Delivery bond—Possession of property.*—The obligation entered into in a forthcoming bond given by defendant in an attachment suit to deliver the property attached according to the orders of the court, is sufficient presumptive evidence, without further proof, that the property was "found in his possession," as contemplated by the statute. (W. S., 188, § 24.) Such a bond will warrant summary proceedings by motion against the obligee and his sureties.

*Appeal from Lawrence Circuit Court.*

*Price, Hardin & Wear,* for Plaintiff in Error.

I. The bond is wholly void. It was not given by the defendant or by any third person, in whose hands the property was found. (Sewall vs. Franklin, 2 Porter, 493; 4 Stewart and Porter, 397; Drake Att., § 333.)

*N. Bray,* for Defendant in Error.

I. It is not necessary "that the bond show on its face that the property was found in the hands of defendant."

Defendant assumes by his intervention in making the bond that he is in possession of the property; and that he has a right to thus intervene on account of the property. And if he fails to comply with the conditions of the bond, he is responsible. And he cannot be permitted again to litigate the action. (16 La. An., 125; Frost vs. White, 14 La. An., 140.)

II. He is estopped from denying that facts existed which authorized the defendant to give the bond, and bound the sheriff to accept the same. (Bartlett vs. Willis, 3 Mass., 86; Flagg vs. Tyler, 3 Mass., 303; More vs. Parker, 3 Mass., 310, and cases cited; Drake Att., 2nd. Ed., §§ 327, 328, 329, 339, and cases cited; 12 Ill., 93; Beal vs. Donman, 1 Call., 219; Crisman vs. Matthews, 1 Scam., 148; Johnston vs. Merrinether, 3 Call., 454; Inman vs. Strattan, 4 Bush., (Ky.,) 445; Heynemann vs. Eder, 17 Cal., 433; Sheppard vs. Collins, 12 Ia., 570; McMillan vs. Dana, 18 Cal., 339; see also, Onderdonk vs. Voorhies, 2 Rob., N. Y., 24; Evans vs. Matson, 51 Penn. St. 366.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his suit by attachment, and the sheriff attached certain personal property belonging to one of the defendants in the suit. The appellant in this case with others gave a bond for the forthcoming and delivery of the property and obtained possession of the same. The attachment suit was duly prosecuted to judgment, and an execution was issued and returned, "no property found." The sheriff assigned the bond to the plaintiff by order of court; and notice was served on the appellant stating that a motion would be filed in court to have judgment entered on the bond. Upon hearing the motion, the court ordered the appellant to deliver the property to the sheriff within a prescribed time, and he failing to do so, judgment was rendered against him on the bond.

He afterwards moved to set aside the judgment, the court overruled the motion and he appealed.

The main reason assigned for reversal is, that the bond was not a statutory bond so as to authorize this summary proceeding. The bond states that the obligors are held and bound unto the sheriff and his successors and assigns, conditioned that they shall deliver to the said sheriff, his successors or assigns, the personal property attached at such time and place as the court shall direct.

The statute provides, that "when property of the defendant found in his possession or in the hands of any other person, shall be attached, the defendant or such other person may retain the possession thereof, by giving bond and security to the sheriff, his successor or their assigns, in double the value of the property attached, conditioned that the same shall be forthcoming when and where the court shall direct, and shall abide the judgment of the court." (1 W. S., 186, § 24.) A subsequent provision, (§ 54,) declares that where none, or only part of the property has been found, the court shall direct the officer to assign the bond to the plaintiff, and the court may on motion render judgment, in favor of the plaintiff and against the obligors in the bond.

It is now insisted that as the record does not show that the

14—VOL. LIII·

attached property was found in the possession of the defend-
ant, or in the hands of any other person, there is not such a
compliance with the statute as would warrant a judgment by
summary proceedings.

It is true, it is not directly stated, that the property was
found in the hands of the obligor, the appellant here. But I
think that fact is acknowledged, and sufficiently apparent, by
his voluntarily entering into the obligation, and undertaking
that the property shall be brought forth and delivered up
in accordance with the direction of the court. The bond ob-
serves all the essential requirements of the statute, and is sub-
stantially good. To hold otherwise, would we think, be sac-
rificing undoubted justice to a mere technicality.

It is not pretended that the appellant had any meritorious
defense. He was in court but offered no testimony, and as-
signed no reason why he was not liable. We have not been
able to find any other question in the case demanding any
consideration.

With the concurrence of the other Judges, the judgment
will be affirmed. Judge Sherwood did not sit.