NEWTON v. COX *et al., Appellants.*

1. **A Bond is not Invalid** as a statutory bond merely because it does not follow the exact words of the statute.

2. **The Objection that a Demand** was not made on the executor before the issuance of execution against him, cannot be made in a proceeding on a *scire facias* against his sureties.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

*W. M. Rush, Jr.,* for appellants.

The bond was not a statutory bond, for it lacked the most essential condition by omitting the words " or order or decree of any court having jurisdiction." But even if it were a valid statutory bond the *scire facias* should recite that demand had been made upon the executor in order to authorize the execution against the executor. These jurisdictional facts being absent from the *sci. fa.* render it fatally deficient.

*Shanklin, Low & McDougal* with *Joshua F. Hicklin* for respondents.

Where statutes prescribe the form of official and other bonds and require that all bonds shall be taken in the form prescribed, it is held that such statutes are merely directory, that bonds are valid statutory bonds although differing in form from that prescribed, and that a substantial compliance is all that can be required. *Holbrook v. Bentley,* 32 Conn. 502 ; *Boykin v. State,* 50 Miss. 375 ; *Lanier v. Irvine,* 21 Minn. 447; *State v. Findley,* 10 Ohio 51 ; *U. S. v. Hodson,* 10 Wall. 395 ; *Supervisors v. Van Campen,* 3 Wend. 48 ; *Sehill v. Reisdorf,* 88 Ill. 411 ; *Cobb v. Commonwealth,* 3 Mon. 391 ; *Hoshaw v. Gullett,* 53 Mo. 208 , *Graves v. McHugh,* 58 Mo. 499 ; *McEachron v. New Providence,* 35

N. J. L. 528; *Probate Court v. Strong*, 27 Vt. 202; *Flint v. Young*, 70 Mo. 221.

HENRY, J.—This was a proceeding in the probate court of Daviess county on a *sci. fa.* against the sureties of James L. Davis, executor of the last will of Charles B. Williams, deceased. The sureties pleaded to the jurisdiction of the court, upon the ground that the bond is not a statutory bond, and, therefore, summary proceedings by *sci. fa.* would not lie. The judgment of the court was against them, and they appealed to the circuit court, where plaintiffs again obtained a judgment, from which defendants have appealed to this court.

It is conceded, and there can be no question, that if the bond in suit is a statutory bond, the court had jurisdiction. R. S., §§ 235, 236, 252. But two questions are presented by this record for consideration, both arising on the plea to the jurisdiction: 1st, Is the bond a statutory bond? 2nd, Was it necessary to allege in the *sci. fa.* that demand was made upon the executor to satisfy judgment before the issuance of the execution against him?

The condition of the bond prescribed by the statute is that the executor shall: "Faithfully administer said estate, account for, pay and deliver all money and property of said estate, and perform all other things touching said administration required by law, or the order or decree of any court having jurisdiction." The condition of the bond pursued the statute, except that the words, " or the order or decree of any court having jurisdiction," are omitted, and the words, " touching such executorship," are substituted for the words, " touching said administration."

In the *State to the use of Cameron v. Berry*, 12 Mo. 377, it was held that: " Where the bond merely fell short of the statutory enumeration, in such a manner as to be more favorable to the party executing it, he could not be permitted to complain if, after it had answered all his purposes, he was held liable to its penalties." In *Hoshaw v.*

28—76

*Gullett*, 53 Mo. 208, a forthcoming bond in an attachment suit, executed by defendant and his sureties, but not in exact, though substantial conformity, with the requirement of the statute, was held a good statutory bond. See also *Flint v. Young*, 70 Mo. 222.

The bond in question embraces the obligation imposed by the omitted words. It obligates the executor to perform all things required by law touching his executorship; and the valid order or judgment of a court having jurisdiction requiring him to pay a sum of money, or perform some other act, as executor, is a judicial ascertainment of his official duty in that respect. So that whether sections 18 and 19 of the administration act are applicable to an executor or not, the point in question must be ruled against the appellants.

As to the other question, the 235th section, Revised Statutes, provides that "if any executor or administrator fail to pay any claim     *     *     when demanded, the clerk of the court on application of such creditor, and being satisfied that such demand has been made, shall issue execution," etc., against the executor or administrator. The *sci. fa.* here alleges the issuance of an execution and the proper time to raise the question of demand was on motion by the executor to quash the execution. We are of the opinion that it cannot be raised in this proceeding. We do not decide, however, that even a motion to quash the execution could be sustained on that ground, but leave that question as we find it. All concurring, the judgment is affirmed.