LAURA B. HASTINGS, Appellant, v. JOHN B. HENNESSEY, *et al.*, Respondents.

St. Louis Court of Appeals, May 1, 1894.

**Forcible Entry and Detainer:** FORM OF SUPERSEDEAS BOND ON APPEAL. A *supersedeas* bond on an appeal by a defendant from the judgment of the circuit court in an action of unlawful detainer should be alike in tenor with that prescribed for an appeal by him from the judgment of the justice of the peace. Its conditions should therefore require the defendant to pay all damages, rents and profits and costs, adjudged against him by the justice, and to otherwise abide the final judgment in the case.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*M. Hilton* for appellant.

*H. J. Cantwell, Harvey & Hill* and *A. N. Edwards* for respondents.

ROMBAUER, P. J.—The plaintiff instituted an action of unlawful detainer against the defendant, Hennessey, for certain premises in the city of St. Louis, and recovered judgment therein before one Zimmermann, a justice of the peace. Hennessey appealed to the circuit

court where his appeal was dismissed, because not taken within the time prescribed in section 5137 of the Revised Statutes of 1889. From that judgment Hennessey appealed to this court, and on such appeal gave the bond now sued upon with his codefendants as sureties. This court affirmed the judgment of the circuit court, which was a simple judgment of dismissal and for costs (*Hastings v. Hennessey*, 52 Mo. App. 172), and thereupon the justice issued a writ of restitution, and the plaintiff was placed in possession of the premises. Between the date of the justice's judgment of restitution and actual restitution made to the plaintiff under the writ, a period of one year and eight months elapsed.

The bond given by Hennessey on his appeal from the circuit court to this court, being the bond now sued upon, was in the penal sum of $1,500, a sum sufficient to secure the payment of all rents and profits, damages and costs, and was conditioned that the defendant will not commit or suffer any waste or damage on the premises sued for, and that he will pay "all damages rents and profits, and costs, *which were adjudged against him in said cause by the justice of the peace, and which are adjudged against him*, and which may be awarded against him by the said St. Louis court of appeals."

Upon the trial of the cause before the court without a jury the plaintiff gave in evidence the above facts, and also that the justice's judgment, which was for $300, damages, and $20, double monthly rents and profits, until restitution be made. The plaintiff also gave in evidence the facts that, upon the execution of this bond, the justice's execution was recalled, and the defendant Hennessey was permitted to remain in possession until after the affirmance of the judgment by this court, and that all parties treated the bond as a statutory *supersedeas* bond. It also appeared in evi-

dence that, when this second appeal bond was given, Hennessey executed a deed of trust on the premises partially securing one of his sureties for his liability on the bond; also, that the defendant, Hennessey, insisted on a recall of the execution, presenting to the justice the order allowing the appeal to this court upon giving the bond herein sued for.

The plaintiff thereupon asked instructions, to the effect that she was entitled to recover on the bond sued the amount of the damages awarded by the justice, and rents and profits to date of restitution. The court refused these instructions, and gave one to the effect that "the bond sued on is a statutory bond only so far as the undertaking therein is to pay costs accrued in the circuit court and in the St. Louis court of appeals; that, as to all undertakings, beyond that, to pay said costs, said bond is only a common law undertaking, and that it is not supported by any consideration, and is as to any additional undertakings therein void." The court thereupon rendered judgment in favor of the defendants, although it stood conceded by the evidence that Hennessey had not even paid the costs, the executions issued against him having been returned *nulla bona*. This action of the court is assigned for error.

The substantial question in the case is whether the declaration of law given by the court is correct. Section 5141 of the Revised Statutes of 1889 provides that in unlawful detainer cases before justices of the peace, "if the defendant be the appellant, he  *  *  * shall enter into a recognizance to the complainant, in a sum sufficient to secure the payment of all damages, rents and profits and costs that are or may be adjudged against him, conditioned that the appellant shall prosecute his appeal with effect and without delay; that he will not commit, or suffer to be committed, any waste or damage on the premises whereof

restitution is adjudged, and that he will pay all damages, rents and profits and costs that may be adjudged against him, and otherwise abide the final judgment in the case." Section 5161 provides: "No appeal to the appellate or supreme court shall operate as a stay of execution, * * * unless the condition of the recognizance contain the substance of the condition prescribed by this chapter in cases of appeals by a defendant, and the penalty and security be sufficient to secure the performance thereof."

It will be thus seen that the statute in these cases contemplates two bonds, identical in tenor, in case there are successive appeals. The provision touching the bond required on appeal from the justice to the circuit court prescribes its form, and the provision touching the bond from the circuit to the appellate court adopts a bond *in that form* as essential to work a *supersedeas*. When a bond in that form is given in the circuit court, it does work a *supersedeas* of the judgment of the circuit court and of the judgment of the justice. The statute does not authorize a summary judgment against the sureties of the bond, when it is broken, as on appeals in ordinary cases from justices. *Gunn v. Sinclair*, 52 Mo. 327. If there is a breach of the bond, it must be sued on; and the plaintiff may recover rents and profits in such suit, though no judgment therefor was rendered in the appellate court. *Bernecker v. Miller*, 44 Mo. 126.

It would seem that the trial judge was misled in the present case by a remark of Judge GANTT in *Bauer v. Cabanne*, 105 Mo. 118. The language of the bond in that case was that the appellant would pay all rents, profits, damages and costs, adjudged against him, and otherwise abide the judgment of the St. Louis court of appeals. The learned judge there said with very apparent propriety that, as the bond did not by its

terms cover damages and rents already adjudged, and as no rents or damages were adjudged by either the circuit court or the St. Louis court of appeals, there would appear to be no breach on which the respondent could recover. In fact the bond in that case was no statutory bond at all, because it is the well settled law in this state that a statutory bond must be in substantial conformity with the statute, although it need not be in literal compliance with it. *Hoshaw v. Gullett*, 53 Mo. 208; *Newton v. Cox*, 76 Mo. 352. If such a bond contain more than the requirements of the statute, but contains all the statutory requirements, it is to the extent of such requirements a statutory bond.

Now the bond sued on in this case contains all that is required by sections 5141 and 5161. It binds the obligors, in terms, to pay, among other things, all rents, profits, damages and costs which were and are adjudged against Hennessey by the justice, and abide by the judgment of the St. Louis court of appeals. The St. Louis court of appeals having affirmed the judgment of the circuit court, and thereby adjudged that the justice's judgment is a finality, it is not well conceivable on what theory Hennessey and his sureties should not be adjudged in this proceeding to pay such damages, rents and profits, and why the bond should not be adjudged forfeited as against them for breaches in failing to pay such damages and rents.

The judgment is reversed, and the cause remanded. All the judges concur.