JUNE.

KARTHAUS *vs.* OWINGS.

The true construction of the words "*prosecute with effect*," in an appeal bond, is that the appellant shall prosecute the appeal to a successful termination, or a reversal of the judgment

Where a judgment in replevin for the return of the goods shall be affirmed, the value of the goods, (if they have not been restored,) & the costs of suit, would seem to be the true standard by which the damages of the appellee should be measured on a suit brought on the appeal bond

In an action on such an appeal bond, the plaintiff should reply to the plea of performance, that the defendant did not prosecute his appeal with effect, whereby he had sustained damage to such an amount

If a plea, avowry or replication, each of which is entire, be bad in part, it is bad for the whole.

A plea of tender cannot be rejoined to part of a replication, and a demurrer to the residue

APPEAL from *Baltimore* county court. *Debt* on an appeal bond. The defendant below, (now appellant) pleaded general performance, to which there was the following replication: "And the said *Owings,* by his said attorneys, saith, that by any thing in the said plea of the said *Karthaus* pleaded, he ought not to be precluded from having and maintaining his action aforesaid against him the said *Karthaus,* because protesting that the said *Karthaus,* in the condition of the said writing obligatory mentioned, from the time of making the said writing obligatory, hath not well and truly observed, performed, kept and fulfilled, all and singular the matters and things in the condition of said writing obligatory mentioned and contained, which he, according to the condition thereof, ought to have observed, performed, fulfilled, and kept, to wit, at the county aforesaid, as the said *Karthaus* in his said plea hath alleged; for plea nevertheless thereto the said *Owings,* by replying, saith, that after the making of the said writing obligatory, and before the impetration of the original writ of him, the said *Owings,* in this cause, it was, on the judgment of said *Baltimore* county court, and the appeal aforesaid in the said writing obligatory mentioned, in such manner proceeded between the said *Karthaus,* and the said *Owings,* in the said court of appeals, that the said judgment of *Bal-*

The debt or duty continuing, a tender should be pleaded with a *profert in curia;* and it should conclude, praying judgment whether the plaintiff ought to recover any damages by reason of the non-payment of the sum alleged to have been tendered

*timore* county court was, at a court of appeals held at the city of *Annapolis* on the sixteenth day of December 1811, in all things affirmed and ratified; and it was then and there by the said court of appeals further considered and adjudged, that the said *Owings* should have execution against the said *Karthaus* for the costs and charges adjudged against him in *Baltimore* county court as aforesaid; and it was also considered and adjudged by the said court of appeals, then and there, that the said *Owings* should have a return of the said goods and chattels to be detained by him irrepleviable for ever; and it was also then and there further considered and adjudged by the said court of appeals, that the said *Owings* should recover against the said *Karthaus* the sum of fifty-five dollars and fifty-eight cents current money, for his costs and charges, in that behalf expended and sustained, by reason of his delay on his execution aforesaid, by the pretence of prosecuting the said appeal for correcting of errors of and upon the said premises, by the said *Karthaus*, as by the record thereof in the said court of appeals remaining more fully appears. And the said *Owings* avers, that the said *Karthaus* hath not paid or satisfied to him, the said *Owings*, the damages, costs and charges, so adjudged to him the said *Owings* in said county court, and the said sum of current money, so adjudged to the said *Owings* by the said court of appeals, or any part thereof, or either of them; and that he the said *Karthaus* hath not made return of the said goods and chattels to him the said *Owings*; and this the said *Owings* is ready to verify, and so forth.    Wherefore he prays judgment, and his debt aforesaid, together with his damages sustained by occasion of his detention thereof, to him to be adjudged, and so forth."

The defendant *rejoined* a *tender* as to part, and *demurred* as to the residue, as follows: "And the said *Karthaus*, by his said attorneys, as to the said replication of the said *Owings* to the plea of him the said *Karthaus* saith, that the said *Owings* ought not, by reason of any thing by him in that replication alleged, to have or maintain his action aforesaid thereof against him the said *Karthaus*, because he saith, that as to the costs and charges adjudged to him the said *Owings*, in the county court aforesaid, and the said sum of current money adjudged to the said *Owings*, by the said court of appeals, he the said *Karthaus* has always

been ready to pay and satisfy the same, and did, before the impetration of the writ in this cause, to wit, on the first day of November 1817, at the county aforesaid, tender to the said *Owings* all the said costs and charges so as afore-said adjudged to the said *Owings* by the said county court, and the said sum of current money so as aforesaid adjudg-ed to said *Owings* by said court of appeals; and this he is ready to verify. Wherefore he prays judgment, if the said *Owings* his action aforesaid thereof ought to have or maintain; and so forth. And as to so much of said repli-cation as alleges that the said *Karthaus* hath not made re-turn of said goods and chattels to him the said *Owings*, in manner and form as the same is set forth, the said *Kart-haus* saith it is not sufficient in law for the said *Owings* to have or maintain his aforesaid action thereof against him the said *Karthaus*, and that the said *Karthaus* is not bound by the law of the land to answer the same, and this he the said *Karthaus* is ready to verify: Wherefore, for want of a sufficient replication in this behalf, he the said *Karthaus* prays judgment if the said *Owings* ought to have or maintain his said action thereof against him, and so forth." The plaintiff *demurred* to the *rejoinder* as to part, and *joined* in *demurrer* as to the residue; as follows: "And the said *Owings*, as to such parts of the rejoinder of the said *Karthaus*, as relates to the costs and charges ad-judged to him as aforesaid by the said county court and court of appeals, and the tender of the same in the said rejoinder alleged, in the manner and form in which the same is set forth, he the said *Owings* saith, that the same is not sufficient in law to preclude the said *Owings* from having and maintaining his said action against him the said *Kart-haus*, and that he the said *Owings* is under no necessity by the law of the land otherwise to answer the same, and this he is ready to verify: Wherefore, for want of a suffi-cient rejoinder in this particular, he the said *Owings* prays judgment for his debt, damages and costs aforesaid, to be to him adjudged, and so forth. And as to the residue of the said rejoinder of the said *Karthaus*, the said *Owings* saith, that the matters in the replication aforesaid of him the said *Owings* contained, are sufficient in law to enable the said *Owings* to have and maintain his action aforesaid against him the said *Karthaus*, and so forth." The defen-dant *joined* in the *demurrer* to the *rejoinder*. The coun-

ty court, *pro forma*, overruled the demurrer to the replication, and ruled good the demurrer to the rejoinder. An inquiry at bar was ordered, and an inquisition returned, assessing the damages sustained by the plaintiff to $10,271 53, and $10 costs; upon which inquisition judgment was rendered for $25,000 the debt, being the penalty of the bond, and the above costs, and costs of increase, to be released, &c. From this judgment the defendant appealed.

The cause was argued in this court before BUCHANAN, EARLE, MARTIN, and DORSEY, J.

*Winder*, for the Appellant. The questions which arise are, 1. Whether the plea of tender by the defendant is good for that part of the plaintiff's demand to which it applies? 2. Whether the breach assigned by the plaintiff for not returning the goods ordered to be restored by the judgment of the court in an action of replevin, is within the condition of the appeal bond on which the suit is founded? The appeal bond presents two conditions to free the appellant from its obligation. 1st. He shall prosecute the appeal. 2d. He shall pay the damages and costs awarded in both courts, in case the judgment is affirmed. The *first* is complied with by bringing the record into this court, as directed by the act of 1713, *ch.* 4, *s.* 4. The *second* is, that he shall pay such damages and costs as shall be awarded and adjudged in both courts. The court cannot enlarge the terms of the bond, so that if the appellant paid the damages and costs, it is sufficient to discharge him. If the plea of a tender, to which the plaintiff demurred, is a good plea, the judgment must be reversed.

*Taney* and *R. Johnson*, for the Appellee, contended, 1. That the plea of tender was not well pleaded. That in such a plea the defendant must aver that he was ready to pay, and that he is still ready, and he must bring the money into court. 6 *Bac. Ab.* tit. *Tender*, (II.) The plea of tender in an action of *debt* is not in bar to the action, but to the recovery of damages. 1 *Tidd's Pr.* 621. The form of the plea is given in 2 *Chitty's Plead.* 432, 469. 2. That the meaning of the words in the condition of an appeal bond, "*to prosecute the appeal with effect*," was to reverse the judgment, or to effect some other successful termination of the appeal. *Johns. Dict.* tit. *Effect.* The appeal bond is to

1823.

Karthaus
vs
Owings

1823.

Karthaus
vs
Owings

secure the appellee from the insolvency of the principal, and all antecedent sureties given; for instance, the sureties in the replevin bond. The breach in the replication is correctly assigned. It shows the damage sustained by not prosecuting the appeal with effect, and that the goods, &c. had not been returned; which constituted a part of the damage sustained.

The opinion of the court, was delivered by

DORSEY, J. On the argument of the demurrers in this case, the true construction of the appeal bond, on which the present suit was instituted, has been brought into discussion. On the part of the appellant, it was contended, that the words "prosecute with effect," mean that the party praying the appeal, shall prosecute it to final judgment, while the other side insisted, that these words imposed on the appellant the necessity of prosecuting the appeal to a successful termination, or a reversal of the judgment. This court are of opinion, that the construction adopted by the appellee's counsel, is the correct one. It is certainly warranted by the grammatical meaning of the terms used; and if a different interpretation was to prevail, the bond would only be a security in those cases where the judgment below was given for debt, damages and costs, and for damages and costs, and judgments in replevin for a return of the property, (being judgments *in rem*,) would necessarily be exempt from the operation of the bond. The act of 1713, *ch.* 4, which prescribes the form of the appeal bond, declares, that no execution on any judgment shall be delayed, or any *supersedeas* on such judgment granted, upon any appeal or writ of error, unless a bond, with sufficient sureties, be executed. If the appeal and execution of the bond operates as a *supersedeas* of an execution on a judgment in replevin, it would seem, on principles of justice, that the security should be as comprehensive in such a case, as where the judgment was for money; upon the affirmance of a judgment for money, the obligors are imperatively answerable for the amount of the debt, damages and costs; the delay occasioned by the appeal being the price paid by the appellee for the additional security; and where a judgment in replevin, for the return of the goods, shall be affirmed, the value of the goods, (if they have not been re-

stored,) and the costs of suit, would seem to be the true standard by which the damages of the appellee should be measured on a suit brought on the appeal bond. If the appellant should dismiss his appeal, this rule would certainly prevail; and it is difficult to conceive, how the security of the appellee can be lessened, in the event of his judgment being affirmed, as the delay occasioned by the *supersedeas* would not be greater in the former than in the latter case, but generally less.

Having expressed our opinion on the true construction of the bond, we will next advert to the pleadings in the cause, and we think the replication cannot be sustained. The plaintiff assigns his breach in the nonpayment of the costs of the inferior and appellate courts, and in the appellants not having made a return of the goods and chattels, in conformity to the judgment of affirmance. This mode of replying is defective, the plaintiff should have replied, that the defendant did not prosecute his appeal with effect, whereby he had sustained damage to such an amount. By this mode of replying, the plaintiff below would have assigned a breach in the nonperformance of an act which the defendant below had stipulated to perform, and under the allegation, that the plaintiff had sustained damages to such an amount, the plaintiff might have shown that the goods were not returned. And the court cannot but remark, that the pleadings, subsequent to the replication, are incorrect. It is an established rule in pleading, that if a plea, avowry or replication, each of which is entire, be bad in part, it is bad for the whole. *Manchester vs. Vale,* 1 *Saunders,* 28, (note 2.) *Trueman vs. Haist,* 1 *Term. Rep.* 40. 1 *Chitty's Plead.* 644, 523, 524. Hence, it necessarily results, that a plea of tender cannot be rejoined to part of a replication, and a demurrer filed to the residue; and if the law was otherwise, the plea of tender, as rejoined in this case, would be badly pleaded. First, because the debt or duty continuing, the tender should be pleaded with a *profert in curia;* 6 *Bacon's Abridgment,* tit. *Tender,* (H 4;) and secondly, because the rejoinder concludes in bar to the action, instead of praying judgment whether the plaintiff ought to recover any damages, by reason of the nonpayment of the sum alleged to have been tendered. See 2 *Chitty's Plead.* 433, 468. 1 *Tidd's Practice,* 621.

JUDGMENT REVERSED.