## DAVIS *a.* KINNEY.

*New York Superior Court; Special Term, May,* 1855.

STATUTE OF LIMITATIONS.—BANKRUPTCY.

Where one of several partners who while out of the State, contracted a debt to creditors within the State, came here and procured a discharge under the bankrupt act of 1841, and afterwards, and more than six years after the contracting of the debt, his co-partner came into the State and was sued upon the indebtedness.—*Held* that the statute of limitations was no bar to the action.

Trial by the court, without a jury.

This action was brought by Davis and others, against Henry L. Kinney and Daniel J. Townsend, to recover for goods sold and delivered in 1837.

The plaintiffs at that time were partners in business, in New York city, and the defendants were partners in business in Peru, Illinois. The defendants in 1837 purchased goods of the plaintiffs to the amount of $7000, which were never paid for.

In 1840, the defendant, Townsend, came to this State, and here took the benefit of the bankrupt act. The defendant, Kinney, came to the State for the first time in 1855, when this suit was at once commenced against him.

Each of the defendants plead the statute of limitations, and Townsend also set up his discharge. The plaintiff was allowed to discontinue as against Townsend, without costs. The issues between the plaintiffs and Kinney were tried before Campbell J., without a jury.

*J. N. Balestier,* for plaintiffs.

*S. C. Reid,* for defendant, Kinney.

*F. A. Lane,* for defendant, Townsend.

CAMPBELL, J.—In this case the statute of limitations was interposed by both defendants, and a discharge under the bankrupt act by the defendant, Townsend. On the motion of

the counsel for the plaintiffs, he was allowed to discontinue the action against Townsend, without costs.

It appeared on the trial that the defendants, who were co-partners, purchased of the plaintiffs in this city, in the year 1837, goods in value to between seven and eight thousand dollars. At that time the defendants resided and carried on business at Peru, in the State of Illinois. The defendant, Kinney, from the time of the purchase of the goods, never came into the State of New York, till the time of the commencement of this suit. About the year 1840, the defendant, Townsend, came into the western part of the State, and after a residence of about eighteen months, he was discharged under the bankrupt act of 1841.

Under such a state of facts, is the statute of limitations a bar to the recovery against the defendant, Kinney? I think clearly not. The return of the defendant, Townsend, to this State, did not set the statute running in favor of the other defendant.

The case of Brown *vs.* Delafield, 1 *Denio*, 445, cited by defendant's counsel, does not sustain the position taken by him. In that case, to a plea of the statute interposed by the defendants, the plaintiffs replied that one of the defendants had been absent from the State. On a demurrer to that replication, the court said it was bad. The statute was a bar to the action against the resident defendant, as he might have been sued at any time, and a judgment taken against him, and also a judgment against the non-resident debtor, under the joint debtor act. The court observes: " On the return of the absent defendant, a non-resident defendant, an action of debt might be brought on the judgment, and then, in such case, the resident defendant could not have pleaded the statute of limitations; and should the one who had been absent, interpose that defence, a replication like the one before the court would furnish a sufficient answer to it." In other words, in this very case, a replication that defendant, Kinney, had been continuously out of the State since the time the action accrued, would have been held good.

I am further of opinion that even if the statute had commenced to run by reason of the return of the defendant, Town-

send, into the State, that then, when Townsend was discharged under the bankrupt act, the statute would cease to run as against the other absent defendant.. After his discharge, which would be a bar to the recovery of a judgment against him, there would be no mode of recovering a judgment against the other defendant under the joint debtor act. The plaintiffs are entitled to judgment for $14,106 37, being the amount agreed upon, if defendant was liable.