CHARLES H. DAVIS et al., Appellants, *v.* MYNDERT VAN BUREN, Executor, etc., Respondent.

Where an undertaking given under the old Code (§ 187) to procure the discharge of a defendant from arrest was, by its terms, simply a joint obligation, not joint and several, *held*, that upon the death of a surety thereto, his estate was absolutely discharged, both at law and in equity, and the surviving obligors only were liable.

(Argued February 18, 1878; decided February 22, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the county of New York, affirming a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

This action was upon an undertaking, the terms of which and the facts are set forth sufficiently in the opinion.

*Samuel Hand*, for appellants. The nature of the undertaking and of the rights of the parties thereto show that it is a several undertaking. (1 Pars. on Con., 11, 21; *Slingsby's Case*, 5 Rep., 19; *Southcote* v. *Hoare*, 3 Taunt., 89; *Sorsbie* v. *Parks*, 12 M. & W., 146; 5 T. R., 522; *In re Taylor*, 7 How., 212; *Nicholls* v. *Ingersoll*, 7 J. R., 145; *Kibbe* v. *Ballard*, C. & C. Cas., 56; 1 Tidd's Pr. [8th ed., 1824], 282.) The undertaking of bail is not an undertaking by mere sureties and should not be so construed. (4 Inst., 178; Wood's Inst., 610; Comyn's Dig., tit. "Bail," *a*; *Appleby* v. *Robinson*, 44 Barb., 316; Chitty on Con. [9th Am. ed.], 450–452; *Slingerland* v. *Morse*, 7 J. R., 463; *Skelton* v. *Brewster*, 8 id., 376; *Gold* v. *Phillips*, 10 id., 412; *Rogers* v. *Newland*, 13 Wend., 114; *Farlee* v. *Cleaveland*, 4 Cow., 439; 49 Geo. III., chap. 121; 1 Tidd's Pr. [3d Am. ed], 209.) If the undertaking was not a joint contract of mere sureties, plaintiffs should recover. (*Ex parte Kendall*, 17 Ves., 514, 525; Redf. on Wills, 277; *Lawrence* v. *Trustee*, 2 Den., 577; *Butts* v. *Genung*, 5 Paige, 254; *Parker* v. *Jackson*, 16 Barb., 33; *De Aganda* v. *Mantel*, 1 Abb., 130.)

*Sanford R. Ten Eyck*, for respondent. Defendant's testator was a mere surety on the undertaking. (*Wood* v. *Fisk*, 63 N. Y., 250.) The undertaking was joint and not several, or joint and several. (1 Pars. on Con., 11; 1 Story's Eq. Jur., § 164; Shep. Touch., 375; *Perry* v. *Chester*, 12 Abb. [N. S.], 131; 53 N. Y., 240; *Tamerbaum* v. *Cristalar*, 5 Daly, 141; Old Code, § 187; New Code, §§ 575–812.) The undertaking being joint, no cause of action existed against defendant. (63 N. Y., 245; *Getty* v. *Binsse*, 49 id., 388; *Towers* v. *Moore*, 2 Vern., 98; *Simpson* v. *Vaughan*, 2 At., 31; *Bradley* v. *Burwell*, 3 Den., 61; *Richter* v *Poppenhausen*, 42 N. Y., 373; *Pickersgill* v. *Lahens*, 15 Wall., 140; *Fielder* v. *Lahens*, 6 Blatch., 525; *U. S.* v. *Price*, 9 How. [U. S.], 83, 90, 108.)

*Per Curiam.*    One Bixbee was arrested at the suit of the plaintiffs, in an action commenced against him by them in the New York Common Pleas, and to procure his discharge from such arrest, he, Benjamin G. Bloss and Jordan Mott, defendant's testator, executed an undertaking as required by section 187 of the old Code.    There was default in the undertaking, and the plaintiffs then caused a summons to be issued in this action against Bloss and Mott, which was served on Bloss; before it could be served on Mott, he died.    Bloss was afterward discharged in bankruptcy, and the defendant, as executor of Mott, was substituted, and the action continued against him.

The undertaking is a joint obligation.    It is so in terms, and we cannot interpolate into it words of severalty.    It could have been made joint and several, but it was not. Bloss and Mott were sureties.    They did not assume a principal obligation ; they undertook for another ; they had no interest except as sureties, and were entitled to all the rights of sureties.    This case cannot, therefore, be distinguished from *Wood* v. *Fisk* (63 N. Y., 245), and the defendant, as the representative of Mott, cannot be held.    It is a rule of the common law, too long settled to be disturbed, that if a joint obligor dying be a surety, not liable for the debt irrespective of the joint obligation, his estate is absolutely discharged, both at law and in equity, the survivor only being liable.    (*Towers* v. *Moore*, 2 Vern., 98; *Simpson* v. *Vaughan*, 2 Atk., 31; *Bradley* v. *Burwell*, 3 Denio, 61; *Richter* v. *Pappenhausen*, 42 N. Y., 393; *Pickersgill* v. *Tohms*, 15 Wall., 140; *Getty* v. *Binsse*, 49 N. Y., 388; *Risley* v. *Brown*, 67 id., 160.)

However unjust this rule may be in its general operation we have no right to abrogate it.    We must enforce it whenever it is applicable, and leave to the law-making power any needed change.

The judgment must be affirmed.

All concur.

Judgment affirmed.