ALVAH S. STAPLES, PLAINTIFF, *v.* WILLIAM GOKEY, MATHEW LARKIN, JR., AND JACOB BEST, DEFENDANTS.

*Undertaking upon appeal — a surety thereto is not discharged because an action against a co-surety is barred by the statute of limitations — what defects in the undertaking do not relieve the surety from liability.*

An action against a surety upon an undertaking given upon an appeal to the Court of Appeals, from a judgment recovered against one Best, was defended upon the ground that by the neglect of the plaintiff to enforce the undertaking, the statute of limitations had barred any action against the co-surety, but not against the defendant, who was a non-resident, and that he had thereby lost his right to contribution:

*Held,* that this constituted no defense.

*Held,* further, that the defendant's liability was not affected by the fact that the undertaking did not provide that the sureties would pay the amount of the judgment if the appeal was dismissed, as well as in case the judgment should be affirmed.

MOTION for judgment, upon a verdict for the plaintiff directed at the circuit subject to the opinion of the General Term.

The action was brought upon an undertaking given March 16, 1872, upon an appeal to the Court of Appeals, from a judgment in favor of the present plaintiff against Jacob Best. Jacob Best and Matthew Larkin, Jr., as well as the defendant William Gokey, signed the undertaking. They are also defendants in this action; but

because the statute of limitations has run as to them the summons in this action was not served upon either of them. The statute of limitations has not run as to the defendant Gokey because of his non-residence in the State. The amount due upon the undertaking might have been collected from Larkin, and the judgment against Best is a lien upon real estate owned by him.

*G. R. Adams*, for the plaintiff.

*S. L. Stebbins*, for defendant Gokey.

LANDON, J.:

The plaintiff is entitled to judgment against Gokey, the only defendant served, and in form against all the defendants, under section 1932, Code Civil Procedure, relative to joint debtors. Gokey, Larkin and Best jointly made the undertaking, whereby they undertook that Best, the appellant, should pay, first, "all costs and damages which may be awarded against him upon said appeal, not exceeding $250;" and, second, that "if the said judgment so appealed from, or any part thereof, be affirmed, the said appellant will pay the amount directed to be paid by the said judgment." The judgment appealed from was affirmed, with costs, and upon the entry thereof the liability of the sureties became fixed. (*Hill* v. *Burke*, 62 N. Y., 111.) The notice required by section 348 of the old, or section 1309 of the new Code, does not apply to undertakings to the Court of Appeals.

The fact that the statute of limitations has discharged Larkin, one of the joint debtors, does not release the other. (*Merritt* v. *Scott*, 3 Hun, 657; *Denny* v. *Smith*, 18 N. Y., 567; *Davis* v. *Kinney*, 1 Abb. Pr., 440.) The fact that Gokey, if he paid the amount due upon the undertaking, cannot, because of Larkin's discharge by the statute of limitations, compel contribution from him, does not operate to discharge Gokey. The right to contribution only exists among sureties when both are under legal obligations to pay. (*Tobias* v. *Rogers*, 13 N. Y., 59.) When, by operation of law, one of the sureties becomes released from that obligation, the burden rests upon the remainder. (*Comins* v. *Pottle*, 22 Hun, 287; *Davis* v. *Van Buren*, 72 N. Y., 587; *Risley* v. *Brown*, 67 id., 160; *Randall* v. *Sackett*, 77 id., 480; *Wood* v. *Fisk*, 63 id., 245.) It is plain that when two persons become surety for a third,

the right of contribution may be lost to one by the death or bankruptcy of the other, or by the statute of limitations running as to one and not as to the other, and this contingency must be presumed to be present to the minds of the sureties when they assume their obligation. The creditor has nothing to do with the right of the sureties to contribution among themselves, except that he must not affirmatively do any act tending to impair it. In other words, he must not, by his action, destroy or impair the rights of the sureties as between themselves. If he does, to the extent that he impairs the right of any one surety, to that extent he diminishes the amount of his recovery against him. (*Morgan* v. *Smith*, 70 N. Y., 537 ; *Waggoner* v. *Walrath*, 24 Hun, 443.)

But the mere delay to prosecute both sureties in the absence of any request to do so, does not discharge the surety who may subsequently find himself prejudiced by such delay. (*Board of Supervisors* v. *Otis*, 62 N. Y., 88 ; *Schroeppell* v. *Shaw*, 3 id., 446.)

The objection that the undertaking did not provide that the sureties would also pay if the appeal should be dismissed, is without force. The sureties became liable to the extent of their undertaking. The undertaking of the sureties was not in the nature of indemnity against loss or damage, but for absolute payment. Their liability is complete until payment is made. (*Kohler* v. *Matlage*, 72 N. Y., 259.) The sureties were liable to pay the judgment appealed from however large that might be, and also the costs and damages awarded upon appeal not exceeding $250. As to the latter items we think the limit of the undertaking cannot be exceeded. The plaintiff, therefore, is entitled to judgment upon the verdict in the sum of $691, with interest from the date thereof, with costs in the court below, and in this court.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment ordered on verdict for plaintiff, and new trial denied, with costs.