BAUER, *Executor*, v. CABANNE *et al.*, *Appellants.*

DIVISION TWO.

1.    **Appeal Bond : SURETIES.** In a forcible entry and detainer suit before a justice of the peace defendant appealed to the circuit court, which dismissed the appeal, because it was not taken in time. Defendant then appealed to the court of appeals, giving a *supersedeas* bond, the condition of which was that defendant would "pay all rents, profits, damages and costs that may be adjudged against him, and otherwise abide the judgment of the St. Louis court of appeals." *Held,* that, the court of appeals having affirmed the judgment of the circuit court dismissing the appeal, the sureties on the bond were not liable for rents and profits, nor for damages and costs awarded by the justice of the peace.

2.    ———— : ————. Sureties on an appeal bond are held liable only according to the strict letter of their undertaking.

*Appeal from St. Louis City Circuit Court.*

REVERSED.

*W. C. Marshall* for appellant.

(1) A judgment is an entirety. *Ins. Co. v. Clover*, 36 Mo. 392. (2) The judgment in the unlawful detainer case is not binding on the sureties in this case. *Gunn v. Sinclair*, 52 Mo. 327; *Howell v. Camp*, 60 Mo. 569. (3) The defendants in this case being the sureties on the appeal bond in the unlawful detainer case, and not being parties to that suit, are not bound by the judgment in that case as to the amount of the value of the monthly rents and profits. *Dugge v. Stumpe*, 73 Mo. 513; *Hulett v. Nugent*, 71 Mo. 131. (4) The appeal from the justice to the circuit court in the unlawful detainer case not having been taken in time,

the bond given for such appeal is not a statutory bond, but at most is only a common-law obligation. (5) The instruction given for the plaintiff in this case is erroneous, and the amount assessed as damages for the plaintiff is excessive.

*J. G. Chandler* for respondent.

(1) Upon a breach of the condition of the bond, the liability to a judgment for the penalty was complete; and the plaintiff being deprived of the use of his property and of his right to restitution by the appeal was entitled to execution for his damages. *Bernecker v. Miller,* 44 Mo. 126 ; *Green v. Sternberg,* 15 Mo. App. 32. (2) Independently of the unlawful detainer act, where a tenant holds over, he is chargeable with double yearly value of the lands detained for all the time he keeps the person entitled out of possession. 2 R. S. 1889, sec. 6367. (3) Interest is allowed on penal bonds by the statute. 1 R. S. 1889, secs. 862–865. Interest is properly included in the verdict in an action arising out of contract for the breach of a penal bond, where the loss of interest is an element of damage, and is claimed in the petition. *State ex rel. v. Frederich,* 10 Mo. App. 591 ; 2 Sutherland on Damages, 10–13; *Sav. Ass'n v. Edwards,* 47 Mo. 445 ; *State ex rel. v. Sandusky,* 46 Mo. 377. Every judgment in a civil action bears interest. *State ex rel. v. Vogel,* 14 Mo. App. 187. (4) "No exceptions shall be taken in an appeal or writ of error to any proceeding in the circuit court, except such as shall have been expressly decided by such court. 1 R. S., sec. 2302. The object of a motion for a new trial is that the court may have a chance to correct any errors that may have been made at the trial. No objection not distinctly presented to the circuit court by the motion for a new trial can be considered on appeal. *Brady v. Connelly,* 52 Mo. 17 ; *Vineyard v. Matney,* 68 Mo. 105 ; *Bank v. Allen,* 68 Mo. 474 ; *State ex rel. v. Rucker,* 59

Mo. 17.   Where the objection as to allowance of interest was not specially brought to the attention of the trial court, in the motion for a new trial, it was disregarded in the supreme court.  *State ex rel. v. Rucker*, 59 Mo. 17-27.

GANTT, P. J.—This is an action on the following bond :

"Know all men by these presents, that we, Sarpy C. Cabanne as principal, and Virginia E. Cabanne and —— as sureties, are held and firmly bound unto C. Bauer, plaintiff herein, in the sum of forty-five hundred dollars ( $4,500 ), for the payment of which well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents, sealed with our seals and dated at St. Louis, this eighth day of November, A. D. 1880.

"The condition of the above obligation is such, that whereas Sarpy C. Cabanne has appealed from the judgment rendered against him and in favor of C. Bauer in the circuit court, city of St. Louis, in an action of unlawful detainer.

"Now, if said appellant shall prosecute his appeal with due diligence to a decision in the St. Louis court of appeals, and *shall perform such judgment as shall be given by the St. Louis court of appeals, or such as the St. Louis court of appeals may direct the circuit court, city of St. Louis,* to give, and, if the judgment or any part thereof be affirmed, will comply with and perform the same, so far as it may be affirmed, and *pay all damages and costs which may be awarded against him by the St. Louis court of appeals,* and he shall neither commit nor suffer to be committed any waste or damage on the premises whereof restitution is adjudged, and pay all rents, profits, damages and costs that may be adjudged against him, and *shall otherwise abide the judgment of the St. Louis court of appeals in said*

*cause*, then this obligation to be void, otherwise to remain in full force and effect.

"[Seal.]                VIRGINIA E. CABANNE.
"[Seal.]                GEO. W. KERR.
"[Seal.]                S. C. CABANNE.
"Approved in open court November 8, 1880.
"Attest: CHAS. F. VOGEL, Clerk."

The breaches assigned are, that said Sarpy C. Cabanne did not keep or comply with the condition of said bond, in this, that he did not perform said judgment of the St. Louis court of appeals, and did not comply with or perform the *said judgment of the St. Louis circuit court affirmed as aforesaid by the St. Louis court of appeals*, and did not pay all damages or costs which were awarded against him by the said St. Louis court of appeals, and did not pay the rents, profits and damages for the detention of said premises whereof restitution was adjudged.

Plaintiff further avers that the costs of the said suit in the circuit court were $8.55; the costs of the said suit in the court of appeals was a large sum of money, to-wit, $100, all which costs remain unpaid.

Plaintiff further avers that the said defendant, Sarpy C. Cabanne, detained said premises and remained in possession thereof from the twenty-eighth day of September, 1880, to the twentieth of May, 1881, when he made restitution thereof; for all which period said Charles Bauer was entitled to rents at the rate of $250 per month, as found by the said justice in his judgment aforesaid; as well as to the sum of $92 found by the said justice as damages for the detention of said premises prior to the twenty-eighth day of September, 1880. The aggregate of his damages for the breach of said bond being $2,041.88.

On the —— day of February, 1884, the said Charles Bauer died, leaving a will which was afterwards, to-wit, on the first day of March, 1884, admitted to probate in the probate court of the city of St. Louis, by

which will he appointed plaintiff as his executor, and plaintiff duly qualified as such in said probate court, and has ever since acted in that capacity.

Plaintiff says that neither the said Sarpy C. Cabanne, nor his said sureties, Virginia E. Cabanne and George W. Kerr, ever paid to the said Charles Bauer in his lifetime, or to plaintiff as his executor at any time since, the damages aforesaid, or any part thereof, although the same has been often demanded. Wherefore, plaintiff prays judgment for the said sum of $4,500, the penalty of said bond, and that execution for the said damages with interest thereon and costs, and for such other relief as the plaintiff may be entitled to.

The answer was joint, and consisted of a general denial and this special defense:

"And for further answer and defense, defendants say that from September 28, 1880, to May 20, 1881, Charles Bauer received and accepted each and every month the sum of $50 for and as the rent of a portion of the premises described in plaintiff's petition, being, to-wit, the southern or rear end or third of said storeroom numbered 524 Pine street, and that defendant Cabanne never occupied or withheld from said Charles Bauer said portion of said building after said twenty-eighth day of September, 1880 ; that said portion of said storeroom was included in the judgment of the justice of the peace, and the rent thereof at the rate of $50 per month was included in the value of the monthly rents which said justice of the peace assessed at $125 per month."

At the trial, and before the introduction of any evidence, Virginia E. Cabanne and George W. Kerr, the sureties, objected to the introduction of any evidence on the ground that the petition did not state any cause of action against the said defendants as sureties on the bond ; that by the terms of the bond they were liable only for such judgment as the circuit court had rendered, or as the court of appeals might render, or as

the court of appeals might direct the circuit court to enter, and that inasmuch as the circuit court had rendered no judgment in the cause, and the court of appeals had entered no judgment in the cause, except a judgment for costs, the plaintiff was not entitled, under the terms of the bond here sued on, to recover any other judgment in this case. The court overruled the objection, and said defendants duly excepted at the time.

It appeared from the evidence that on the twenty-eighth of May, 1879, Charles Bauer leased to S. C. Cabanne a certain storeroom, first floor, southeast corner of Sixth and Pine streets, being house numbered 524 Pine street, for a term of one year, commencing on the twentieth of May, 1879, and ending on the twentieth of May, 1880, for the sum of $75 per month.

After the expiration of said lease, Cabanne remained in possession of said property, and paid rent thereon for the months ending June, July, August and September 20, 1880, when on the twenty-second of September, 1880, the suit for unlawful detainer was brought against him, and judgment recovered in said justice's court. From this judgment S. C. Cabanne attempted to appeal to the circuit court, city of St. Louis; but his appeal was dismissed in the circuit court because not prosecuted within the time prescribed by statute. From this dismissal he appealed to St. Louis court of appeals. Pending the appeal from the circuit court to the court of appeals, to-wit, on the fifteenth day of April, 1881, Charles Bauer leased to Joseph P. Carr for a term of two years, beginning on the twentieth of May, 1881, the premises numbered 524 Pine street and 120 North Sixth street, for $125 per month, and thereafter, on the nineteenth of July, 1881, said Carr leased the same premises to S. C. Cabanne for a period of twenty-two months, at the same rental.

It further appeared from the evidence that what was called the barber shop, which was the rear portion

of the storeroom numbered 524 Pine street, was rented by Charles Bauer from September 20, 1880, to May 20, 1881, and that from December 17, 1880, until May 20, 1881, such rent of said premises was received by said Bauer from said Cabanne at the rate of $40 per month.

The premises described in the unlawful detainer case were "a certain storeroom numbered 524 Pine street, in the building situated on the southeast corner of Sixth and Pine streets in said city, and in block 115, the storeroom mentioned being the one immediately on the corner of said streets."

It appeared from the testimony of Thomas S. Noonan, witness for plaintiff, that the storeroom 524 Pine street fronted about twenty feet on the south side of Pine street, and that included in the four walls of that building there was a depth running southward of thirty-five feet; that about one-third of the depth was cut off by a partition made of wood and glass, which was about seven or eight feet high, and it was for this space so divided by this seven or eight-foot partition that Mr. Bauer collected the rent from Mr. Cabanne and others from September 20, 1880, until May 20, 1881. It also appeared that defendants had paid the costs in the circuit court and court of appeals adjudged against them.

The court gave the following instruction: "The court declares the law to be that under the evidence the finding must be for the plaintiff, and the court will proceed to assess plaintiff's damages, allowing him: *First*, the damages assessed by the justice, $92; *second*, double monthly value of the premises, from the twenty-eighth of September, 1881, to May 20, 1882, $250 per month, $1,937.50; *third*, interest on the amount of damages and monthly value, to-wit: $2,029.50, from May 20, 1882, to date of judgment, $727.98,—total $2,757.48, unless, from the evidence, the court sitting as a jury believes and finds that the barber shop located east of the partition, which separated

the same from the store at the southeast corner of Sixth and Pine streets, was a part of the premises, restitution whereof was awarded to plaintiff's testator, Charles Bauer, in the suit before the justice of the peace, stated in the petition in this cause; and if the court, sitting as a jury, finds that said shop was a part of said premises, then the plaintiff will be entitled to recover only single rent for the time hereinbefore stated, and defendants will be entitled to a credit against such single rent for the amount of rent during said time shown by the evidence to have been collected by the plaintiff's testator for said shop." To which defendants duly excepted.

The court entered judgment for the plaintiff, for the penalty of the bond, to be satisfied on the payment of the sum of $2,757.48, and costs.

Thereafter, at the same term, and within four days, defendants filed their motion for a new trial, assigning among other grounds the following: *First.* Because there is no evidence to sustain the said verdict and judgment. *Third.* Because the verdict and judgment are against the law. *Sixth.* Because the court erred in giving erroneous instructions asked by plaintiff. *Seventh.* Because the verdict is excessive.

This motion being overruled, the defendants appealed the case to this court.

If defendants have construed the bond correctly, the judgment must be reversed. The circuit court dismissed the appeal and the St. Louis court of appeals affirmed that decision. Neither of said courts rendered any judgment except for costs. Neither had jurisdiction to do otherwise. The defendants paid the costs adjudged against them in those courts. The petition does not complain of any delay in the prosecution of the appeal, nor of any waste or damage to the premises.

The case must stand or fall upon the allegation that said S. C. Cabanne "did not pay the rents, profits and damages for the detention of said premises, whereof

restitution was adjudged." Were these rents "nominated in the bonds." We think not. The language of the bond is that he will "pay all rents, profits, damages and costs that may be adjudged against him and otherwise *abide the judgment of the St. Louis court of appeals.*" They do not bind themselves to pay the rents, damages, profits and costs already adjudged *by the justice of the peace.* Those rents were presumably secured by the bond given in the justice's court. As *no rents* or *damages* were adjudged by either *the circuit or St. Louis court of appeals,* there would appear to be no breach on which respondent could recover.

The respondent should have seen to it that the bond provided for "the damages, rents, profits and costs *that are,* or may be, adjudged against defendant," as required by the Revised Statutes, section 5141. Having neglected to do so, we are powerless to add new burdens to the sureties. As was well said in *Winston v. Rives,* 4 Stewart & Porter (Ala.) 269: ".There is a principle that pervades the whole doctrine, on the relation subsisting between the creditor and a security debtor; that is, that the obligation shall *by no liberal intendment,* be carried, in the smallest degree, beyond the undertaking. And again, that there is no moral obligation on the security beyond, or superadded to, the legal obligation. His obligation being essentially a *legal one,* it would follow that, if not liable in strict law, he is not liable at all."

In the argument, the learned counsel urged upon us the consideration that by this bond his judgment was superseded. As the circuit court acquired no jurisdiction, its action in taking this could not affect the justice's judgment, and hence in law it did not operate as a *supersedeas,* however the plaintiff might regard it. His hands were not tied thereby. We cannot meet this objection better than by adopting the language of Judge TRUMBULL, of the supreme court of Illinois, in *Sharp v. Beddell,* 5 Gilman, 88. In that case the condition of the bond was that if the obligors should pay and satisfy

Bauer v. Cabanne.

whatever judgment might be rendered by *the circuit court of Hancock county* upon the dismissal or trial of a certain appeal to said circuit court, then said obligation was to be void.    The declaration then alleged that, after said appeal was taken, the circuit court of Hancock county by its order awarded a change of venue to McDonough county, where the justice's judgment was affirmed.    The breach assigned was the non-payment of this judgment.    The court held upon demurrer that, as *the bond was limited by its terms* to the judgment of the Hancock court, the sureties were not liable, and says Judge TRUMBULL :    "It matters not that the parties executing the bond may have derived from it all the advantages which a perfect bond would have given them, or that they even *intended* to execute such a bond as the law requires.    A statute of Massachusetts authorized a debtor confined in jail to obtain the liberty of the jail yard by executing a bond in double the sum for which he was imprisoned.    A bond for $1,189, *twenty-four cents less than double the debt,* was held by the supreme court not a statutory bond, and the surety was discharged on the debtor's escape.    *Clap v. Cofran,* 7 Mass. 98 ; *Freeman v. Davis,* 7 Mass. 200.    The record shows that the circuit court of Hancock county never dismissed the appeal or tried the case ; consequently there was no breach of the bond."

In *Myers v. Parker,* 6 Ohio St. 501, in a suit on a bond purporting to have been executed for the appeal of a cause from the common pleas to the supreme court within a certain county, and conditioned for the payment of the amount of the condemnation in said "supreme court," such bond could not be construed as a bond for appeal to the "district court" of said county ; at the date of the bond the "supreme court" had been superseded by the "district court," the supreme court of Ohio saying :    "No principle is better settled than that a surety has a right to stand upon the *very terms* of his contract."

In 17 Ohio, 565, *State v. Medary*, it is said : "The bond speaks for itself, and the law is that it shall so speak and that the liability of sureties is limited to the *exact letter* of the bond. There is no construction, no equity, against sureties."

In *Wood v. Fisk*, 63 N. Y. 245, the court says : "Concede that the object of the provision was to give to the party for whose benefit it was executed security for the judgment from which an appeal was taken, it by no means follows that this was to be done by placing a construction upon the language used in the instrument which might be executed, different from what ordinarily it would bear, and which would be unwarranted by the terms actually employed." And to the same effect *Davis v. Van Buren*, 72 N. Y. 587 ; Brandt on Suretyship and Guaranty, secs. 393-396.

So, unless we import into this case some equitable consideration in behalf of respondent, it seems clear he cannot recover. We find nothing in the law that would justify us in so doing. The sureties expressly limited their liability to the performance of whatever judgment the St. Louis court of appeals might render or might direct the circuit court to render. If respondent intended to hold these sureties for the performance of the justice's judgment, he ought to have seen that it was so named in the bond.

In *Nofsinger v. Hartnett*, 84 Mo. 549, this question was elaborately reviewed by Judge SHERWOOD, all the authorities collated, and the sureties were held to be liable only according to the strict letter of their bond.

As the circuit court ignored this view of the case its judgment must be reversed. The objection to any testimony under the petition should have been sustained. All the judges of this division concur.