M. D. CAMPBELL, Respondent, v. F. M. HARRINGTON et al., Appellants.

Kansas City Court of Appeals, March 3, 1902.

1. **Trial Practice**: BONDS: NON EST FACTUM. In an action on a bond where the answer is not sworn to, the execution is confessed.

2. **Judgments**: ASSIGNMENT: EQUITABLE TITLE: ACTION: PARTIES. Though at common law the assignment of a judgment only vested an equitable title in the assignee, yet under the statute the assignee is the proper party to maintain an action on the judgment.

3. **Bonds**: WRIT OF ERROR: PROSECUTE WITH EFFECT: CONSTRUCTION: SURETIES. A bond given on a writ of error from the appellate court to stay execution is forfeited when the writ of error is dismissed, and the sureties are liable to the owners of the judgment for its amount with interest and costs. Cases considered and distinguished.

4. ———: ———: PAYING MONEY: CONSTRUCTION. In a bond given to stay execution, the condition to prosecute with effect and to pay the money adjudged are separate and independent covenants.

5. ———: ———: STAYING EXECUTION: STATUTE: CONSTRUCTION. If a supersedeas bond is in the terms of the statute, the question is not so much a construction of the bond as of the statute.

6. ———: ———: ———: PREMATURE ISSUE. A supersedeas bond given on writ of error stays the execution and it makes no difference that the writ was sued out improvidently.

Appeal from Adair Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*J. G. Trimble , F. M. Harrington* and *H. F. Millan* for appellants.

(1) An instrument purporting to be the bond of a corporation, to be operative as such, must be signed by the corporation, or by an agent whose authority is under seal, and the corporate seal must be affixed. Nichols v. St. Louis Circuit Court, 1 Mo. 357; St. Louis Dairy Co. v. Sauer, 16 Mo. App. 1; Corbin v. Laswell, 48 Mo. App. 626; Perry v. Price, 1 Mo. 664; South Mo. Land Co. v. Jeffries, 40 Mo. App. 360; Sandford v. Tremlett, 42 Mo. 384. (2) The bond was given to H. P. Hanlin. The petition shows a suit in the name of M. D. Campbell. The assignment of the judgment, even if valid, did not assign the bond. Even if the assignment were a statutory one passed title to the bond so as to allow the assignee to sue in his own name, it was still necessary to aver ownership of the bond. Chilstrom v. Eppinger, 127 Cal. 326; Bank v. Bulkley, 68 Mo. App. 327. If the assignment were a statutory one, suit should have been in the name of H. P. Hanlin to the use of M. D. Campbell. R. S. 1899, sec. 3747. May to use v. Kellar, 1 Mo. App. 381. (3) There are no equities against sureties. They are bound, if at all, by the strict letter of their contract and by that only. Bauer v. Cabanne, 105 Mo. 110; Tittman v. Green, 108 Mo. 22; Schuster v. Weiss, 114 Mo. 158; Nofsinger v. Hartnett, 84 Mo. 549; Dorriss v. Carter, 67 Mo. 544. (4) The Supreme Court dismissed the writ of error with a judgment against plaintiff in error for the payment of costs and that only. No judgment having been rendered for the payment of the Hanlin judgment, the defendants are not liable therefor. Bauer v.

Cabanne, 105 Mo. 110; Dorriss v. Carter, 67 Mo. 544. (5) The common law does not permit an assignment of a judgment. That right is purely statutory and an assignment to be effective as such should be made in strict accordance with the statute. R. S. 1899, sec. 3745; Emory v. Joice, 70 Mo. 537; Bank v. Bulkley, 68 Mo. App. 327. (6) The writ of error, issued while the same case was pending in the Supreme Court on appeal, was without authority of law and void. A writ of error can not be sued out while an appeal is pending. State v. Thompson, 30 Mo. App. 503; Chinn v. Davis, 21 Mo. App. 363; Schneider v. Levvie, 41 Mo. App. 584; State v. Silverstein, 77 Mo. App. 304. (7) Where an appeal is dismissed because improperly allowed, or because the court has no jurisdiction to hear it, the appeal bond is void. Gregory v. O'Brien, 13 N. J. Law, 11; Burton v. Pettibone, 13 Tenn. 443; Gimperling v. Hanes, 40 Ohio St. 114; Powers v. Chabot, 93 Cal. 266; Garnet v. Rodgers, 52 Mo. 145; Kinsar v. Shands, 52 Mo. 326; Smith v. Railroad, 53 Mo. 338; Brown v. Railroad, 85 Mo. 123; Moore v. Damon, 4 Mo. App. 111; Adams v. Wilson, 10 Mo. 341; City of Mexico v. Geiger, 53 Mo. App. 440; Hessey v. Heitkamp, 9 Mo. App. 36; Bauer v. Cabanne, 105 Mo. 110; State ex rel. Vogel, 6 Mo. App. 526; Am. Brewing Co. v. Talbot, 125 Mo. 388; Same v. Same, 135 Mo. 171; Herman on Estoppel, 159; State v. Pratt, 148 Mo. 402; City of Mexico v. Geiger, 53 Mo. App. 440; Steele v. Crider et al., 61 Fed. 484; Memmler v. Roberts et al., 8 S. C. 525; Brounty v. Daniels, 36 N. W. 463.

*N. A. Franklin* and *Ellison & Campbell* for respondent.

(1) If it be conceded that respondent is only the equitable owner of the Hanlin judgment—because the assignment is not attested by the clerk—he not only can sue but must sue in his own name. Because he is the only real party at interest. R. S. 1899, sec. 540; Knapp Stout & Co. v. Standley, 45 Mo.

App. 264; Thornton v. Crowther, 24 Mo. 164; Hutchings v. Blackford, 35 Mo. 285; Boeka v. Nuella, 28 Mo. 180. The equitable assignee of a debt secured by mortgage may sue in his own name. Lanier v. McIntosh, 117 Mo. 508; Talbot v. Magee, 59 Mo. App. 352. (2) The assignment of the judgment carries with it the bond as an incident, and the assignee has all the rights and remedies for the enforcement of the judgment that the assignor had. May v. Kellar, 1 Mo. App. 381; Lionberger v. Baker, 14 Mo. App. 353; Burns v. Bangert, 16 Mo. App. 22; Wise v. Loring, 54 Mo. App. 258; State v. Hoshaw, 98 Mo. 358. (3) A writ of error is a writ of right, and issues as of course. R. S. 1899, sec. 835. (4) The respondents applied for the writ of error and order to file bond to stay execution. This order was made and bond filed conditioned as required by section 849, Revised Statutes 1899. The suing out of the writ of error was the institution of a new suit. Macklin v. Allenberg, 100 Mo. 337. (5) The pendency of appeal was only a defense to the writ of error proceedings, and to have any effect must have been made before joinder in error or before judgment on merits. Bernecker v. Miller, 44 Mo. 102; 1 Ency. Pl. and Pr., p. 775; State v. Dougherty, 45 Mo. 294; Warder v. Henry, 117 Mo. 530. (6) This being true the jurisdiction to issue the writ is manifest. 1 Ency. Pl. and Pr., p. 989. (7) The answer of appellants is not under oath and the execution of said bond was therefore admitted as alleged in petition. R. S. 1899, sec. 746; State v. Chamberlin, 54 Mo. 338; Sec. 848, R. S. 1899; State v. Withrow, 108 Mo. 1. (8) The question of the right to make bond was ever afterwards at rest. (9) The writ and bond prevented the collection of judgment, and after they have accomplished their purpose it is too late to repudiate them. Daniels v. Tearney, 102 U. S. 422; Hunt v. U. S. 63 Fed. R. 568; State to use v. Berry, 12 Mo. 377; Schmucker v. Steidemann, 8 Mo. App. 305; Henoch v.

Chaney, 61 Mo. 131; 1 Ency. Pl. and Pr., p. 750; sec. 598, R. S. 1899; State v. Withrow, 108 Mo. 1.

BROADDUS, J.—It appears from the record in this case that on the twenty-sixth of October, 1898, one H. P. Hanlin procured a judgment for $500 against the Omaha, Kansas City and Eastern Railroad Company, in the circuit court of Adair county, Missouri; that on the succeeding day, October 27, said Hanlin in writing assigned said judgment to respondent and one J. M. Ivie; that on the twenty-fourth of March, 1900, said Ivie assigned his interest in said judgment, also to the respondent, and on said last-named day said Hanlin executed another writing whereby he assigned all his interest in said judgment to the respondent; and that all these assignments were on separate pieces of paper and were attached to the margin of the judgment record, but were not attested by the clerk.

At the same term of the court during which said judgment was rendered, by reason of some constitutional question raised in the case, an appeal was granted to the Supreme Court of the State, and leave was taken to file bond within ten days from the closing of the term, but it appears that no sufficient appeal bond was ever filed and approved by the clerk. On the twenty-second day of November, 1898, plaintiff ordered an execution on said judgment, which was duly issued and placed in the hands of the sheriff. On the twenty-fifth day of November, following, the defendant sued out a writ of error from the Supreme Court. On the thirtieth day of November, the circuit clerk of Adair county made his return to the writ of error, and on the third day of December following, the chief justice of the Supreme Court indorsed on said writ an order staying execution, upon condition that plaintiff in error file a bond conditioned according to law in the penal sum of $1,000, to be approved by the judge of the circuit court of

Adair county.    The bond in suit was executed and' filed with the clerk of said Adair Circuit Court.

There is an indorsement on said bond of approval by Andrew Ellison, judge of said Adair Circuit Court of the date of December 12, 1898.    Said bond is as follows, to-wit:

"In the Supreme Court of the State of Missouri.

"H. P. Hanlin, Defendant in Error,
      "vs.
"Omaha, Kansas City & Eastern Railroad
    Company, Plaintiff in Error.

"Know all men by these presents, that we, the Omaha, Kansas City & Eastern Railroad Company, as principal, and F. M. Harrington and J. G. Trimble, as sureties, are held and firmly bound unto H. P. Hanlin in the penal sum of one thousand dollars for the payment of which well and truly to be made, we hereby bind ourselves, our successors, heirs, and personal representatives, upon the following conditions:

"Whereas, the above named H. P. Hanlin did on the twenty-sixth day of October, 1898, recover a judgment for the sum of five hundred dollars against the above named Omaha, Kansas City & Eastern Railroad Company, in the circuit court for the county of Adair and State of Missouri, in a cause then therein pending wherein said H. P. Hanlin was plaintiff and the said Omaha, Kansas City & Eastern Railroad Company was defendant; and,

"Whereas, the Honorable  .  .  .   Supreme Court of the State of Missouri, did on the twenty-fifth day of November, 1898, duly allow, grant and issue a writ of error from the judgment of said circuit court to the Supreme Court of the State of Missouri, returnable in said Supreme Court on the second Tuesday in April, 1899, and did fix, allow and order that the said Omaha, Kansas City & Eastern Railroad Company file in the matter of said writ of error a  ond in the

sum of one thousand dollars and that upon the filing thereof execution on the judgment aforesaid should be stayed:

"Now, therefore, if the said Omaha, Kansas City & Eastern Railroad Company shall prosecute said writ of error with effect in said Supreme Court, and shall pay the money which said Supreme Court shall adjudge against it and shall otherwise abide and perform all judgments, orders and decrees which shall be made by said Supreme Court in the matter of the decision of said writ of error, which ought and should be performed by it, this obligation and recognizance shall be void; otherwise it shall remain and be in full force and effect.

"Witness our hands and seals this twenty-eighth day of November, 1898.

"Omaha, Kansas City & Eastern Railroad Company.
                    "By J. G. TRIMBLE,      (Seal)
                        "Its authorized agent.
                    "F. M. HARRINGTON. (Seal)
                    "J. G. TRIMBLE.      (Seal)"

On the sixth day of February, 1900, plaintiff filed a motion to affirm the cause, which motion was heard by the Supreme Court and the following judgment was entered, viz.:

"Now at this day, the court having fully considered and understood the motion heretofore filed by the said defendant in error to dismiss the writ of error herein, and it appearing to the satisfaction of the court that at the time the writ of error was issued herein there was an appeal pending in this cause; it is therefore considered and adjudged by the court that the writ of error herein be, and the same is hereby dismissed, and that the said defendant in error recover against the said plaintiff in error his costs and charges herein expended and have therefor execution."

On the trial, plaintiff recovered judgment for $675.87, from which judgment the defendants have appealed.    Sev-

eral questions were raised on the trial in the circuit court which are renewed here. One of appellants' contentions is that the bond in suit was not signed nor sealed by the principal, the Omaha, Kansas City & Eastern Railroad Company. It purports to be signed by said company "by J. G. Trimble, its authorized agent." It is a sufficient answer to this objection .to call attention to the code regulating the rules of pleading and proof arising on a question of this kind. As the defendant's answer was not sworn to, its execution stood adjudged confessed. See R. S. 1899, sec. 746.

It is also contended that the assignment by Hanlin of his judgment against defendant railroad company, being a common-law and not a statutory assignment, only the equitable title vested in the assignee, the plaintiff, and the legal title still being in Hanlin, the action can be maintained only in his name, but the authorities in this State are otherwise. Lanier v. McIntosh, 117 Mo. 508; Knap etc., v. Standley, 45 Mo. App. 264.

But the only real question in the case was raised by the demurrer to plaintiff's case upon the conclusion of the trial in the circuit court of all the evidence introduced. A copy of the bond in suit inserted herein, shows that the original was prepared so as to comply substantially with section 849, code of practice, which provided that "the plaintiff in error or some substantial person for him, together with two sufficient sureties, to be approved by the court or judge, or by the judge of the circuit. court in which the judgment was rendered, shall enter into a recognizance before such court or judge to the adverse party, in a penalty sufficient to secure whatever debt, damages and costs, or damages and costs, have been recovered by the judgment complained of, together with the costs and damages that may be recovered in the Supreme Court, *conditioned that the plaintiff in error will prosecute such writ with effect, and pay the money that shall therein be adjudged against him by the Supreme Court*

*or Court of Appeals, or otherwise abide the judgment of such courts therein."* Appellants contend that there has been shown no breach of the bond in this case, and cite in support of their contention Bauer v. Cabanne, 105 Mo. 110, and Dorris v. Carter, 67 Mo. 544.

The first of these cases was for forcible entry and detainer, which c ginated before a justice of the peace, wherein defendan appealed to the circuit court, where his appeal was dismissed because not taken within the time allowed by law. He then appealed to the Court of Appeals and gave a supersedeas bond, conditioned that he would pay all rents, profits and costs that may be adjudged against him, and otherwise abide the judgment of the St. Louis Court of Appeals. It was held that the Court of Appeals having affirmed the judgment of the circuit court dismissing the appeal, the sureties on the bond were not liable for rents and profits nor for damages and costs awarded by the justice of the peace. That the sureties on the appeal bond were only liable according to the strict letter of their undertaking. The other case turned upon the liability of the sureties on an injunction bond the court holding that the obligation of the sureties in a statutory bond is not to pay all damages that the injunction may occasion to the defendant but only such as the court shall upon dissolution of the injunction adjudge against plaintiff; until then no action can be maintained upon the bond.

But the respondent claims that there is a difference in the bond in this case and the one in Bauer v. Cabanne, supra. The difference consists in the words "prosecute with effect" in the case under consideration which are not used in the case cited. In this case a writ of error was allowed by Judge GANTT of the Supreme Court and he ordered that upon the giving and approval of the statutory bond, execution on plaintiff's judgment should be stayed. It is manifest that the object of the statute is that when a plaintiff in error obtains a stay of execution on the judgment he complains of, he must

give a bond obligating himself and sureties to pay the judgment unless he makes good his complaint of error. To that end the statute requires him to give bond "to the adverse party in a penalty sufficient to secure whatever debt, damages and costs have been recovered by the judgment" which he seeks to overthrow. The condition that he "will prosecute such writ with effect," means not only that he will prosecute it successfully, but that he will pay the judgment he complains of if he does not; in other words, he forfeits the bond and an action thereon accrues to the defendant in error for the amount of the judgment in the trial court. Karthans v. Owings, 6 Har. & J. 134; Gould v. Warner, 3 Wend. 54. Nothing will discharge the sureties (if it be the bond required by the statute) but the reversal or setting aside the judgment to secure which the bond was given. Babbitt v. Finn, 101 U. S. 7, 13. Suffering nonsuit will not do it; for, "a party submitting to a nonsuit does not prosecute the suit to effect, nor if the writ be abated for any cause will it save the recognizance." Covenhoven v. Seamen, 1 Johns. Cas. 23; Turner v. Turner, 2 Brod. & B. 109. "If the appellant should dismiss his appeal," the sureties are liable. Karthans v. Owing, supra. And so "a discontinuance" is a failure to prosecute with effect. Gibbs v. Bartlett, 2 Watts & S. 29.

The conditions that "the plaintiff in error will prosecute such writ with effect, and pay the money that shall therein be adjudged against him by the Supreme Court, or Court of Appeals," are separate conditions. They amount to independent covenants, and there is a breach by failure of either, and in order to recover, it is not necessary that the appellate court shall affirm the judgment of the trial court or render a judgment of its own. Gibbs v. Bartlett, supra; Gould v. Warner, 3 Wend. 60, 61; Perrean v. Bevan, 5 B. & C. 284, 300; Turner v. Turner, 2 Brod. & B. 109. These cases were in replevin and by them it will be seen that when the complaining party fails to reverse the judgment, he is liable on the bond

for not prosecuting "with effect," whether the appellate court had or had not given judgment for the return of the property. The English cases just cited are founded on a statute, reading that the bond shall be "conditioned for prosecuting the suit with effect, and without delay and for returning the goods destrained." As to the conditions being separate and independent, that statute reads practically like the above quotation from ours. It is therefore clear, as before stated, that it is not necessarily requisite in order to recover the amount of the judgment under the "with effect" clause, that the appellate court should affirm the judgment of the trial court, or render a judgment of its own. The foregoing cases all show that to prosecute a writ of error "with effect," it must be prosecuted to success and that nothing is considered to be success *short of an overturning of the judgment* of which complaint is made. A similar question, under facts practically like this case, was decided by the Supreme Court in Wilcox v. Daniels, 22 Mo. 493. That case was forcible entry and detainer, where judgment was given the plaintiff by a justice of the peace. The defendant appealed to the circuit court and gave bond with surety conditioned that he would prosecute his appeal "with effect" and "would pay all rents and profits, damages and costs that might be adjudged against him" by the circuit court. Defendant afterwards dimissed his appeal in the circuit court. Plaintiff thereupon brought suit on the bond, alleging a breach of the "with effect" clause of the bond, in that plaintiff had not paid to him the rents and profits, and it was held that the dismissal was a breach of that clause and that the action could be maintained for the rents and profits.

When the bond is in the terms of the statute, the question is not so much a construction of the bond, as it is a construction of the statute. For it is under the statute and to conserve its purpose that the obligators enter into their obligation. What is the purpose of the statute? Plainly, to secure payment of the judgment which has been held up, unless it be

set aside. I am confident that it has not been the understanding of the bar, that the statute in question' would permit a party defeated in the trial court to obtain a supersedeas on a writ of error, by executing the statutory bond and then, perhaps after becoming insolvent, escape liability thereon by dismissing the writ. If that could be done the temptation to avoid judgments would be too great for many to withstand.

The cases of Bauer v. Cabanne, 105 Mo. 110, and Dorris v. Carter, 67 Mo. 544, are without any application whatever to this case; since the bonds considered in those cases did not contain the "with effect" clause, which we have seen is the substantial condition in the bond in this case. Besides, a writ of error from a final decision of a circuit court is a writ of right under our jurisprudence (sec. 835, R. S. 1899), and when issued with an order to stay execution, the officer charged with the writ of execution shall stop proceedings under it and make return accordingly. Secs. 850, 851, idem.

And as the effect of the writ of error in this case was to stay execution, it can make no difference that the writ was sued out improvidently. It was lawfully issued and had to be obeyed; and the appellant's bond in suit is as legal and binding as if it had not been so improvidently issued. The Supreme Court was authorized to issue the writ, in fact under the law it was compelled to, if applied for within one year from the date of final judgment. Sec. 837, idem. It was not a void writ of error.

For the reasons given the cause is affirmed. All concur.