DUNLOP v. LEVIN, KRONENBERG & CO., Inc.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Edward D. Dunlop against Levin, Kronenberg & Co., Incorporated. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James E. Smyth, for appellant.

W. C. Damron, for respondent.

PER CURIAM. Judgment of the Municipal Court affirmed, with costs.

HIRSCHBERG, P. J., and JENKS, RICH, and MILLER, JJ., concur.

WOODWARD, J. (dissenting). The defendant, on the 8th day of July, 1908, entered into an indemnity bond, in which it undertook to pay one-third of any sums which Jacob Schwartz and Edward Dunlop, as parties of the second part, might be called upon to pay by reason of the execution and delivery of their bonds to procure the discharge of certain mechanics' liens under the pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

visions of the mechanic's lien law (chapter 418, p. 514, Laws 1897), as supplemented by section 812 of the Code of Civil Procedure; the liability being limited to $500. Subsequently Schwartz and Dunlop were sued upon their bonds, and a judgment was entered against them. An execution issued against them was returned unsatisfied, and Dunlop individually was called upon to pay the same. He now brings this action to recover upon the indemnity bond. No defense is urged upon the merits, but it is contended that the learned Municipal Court erred in giving judgment to the plaintiff, on the ground that the indemnity bond was an undertaking to pay to Schwartz and Dunlop the amount, and not to pay the same to Dunlop individually, and that the complaint, therefore, failed to state facts sufficient to constitute a cause of action.

The bond required to discharge a mechanic's lien on account of a public improvement is required by section 812 of the Code of Civil Procedure to "be joint and several in form," and, if the bonds in question were given for such a purpose, we should have little difficulty in holding that the indemnity bond was to be construed to cover the losses resulting to each individual. The bonds to be given appear, however, to have been designed to meet the requirements of subdivision 4 of section 18 of the lien law, and there does not appear to be any requirement that such bond shall be joint and several in form, and we are not at liberty to read into the contract any other or different language from that which the parties have chosen. Davis v. Van Buren, 72 N. Y. 587. The surety bond not being by law required to be joint and several, the indemnity bond must be read and construed just as the parties have made it, and the undertaking of the defendant was that: "It will pay to the parties of the second part one-third of any amount that may be recovered from the parties of the second part on the bonds hereinbefore set forth, not to exceed an amount of five hundred dollars." There was clearly no agreement to pay to Mr. Dunlop one-third of his losses due to the execution of these bonds. It was to pay to the parties of the second part one-third of their losses, and both of them were necessary parties to the action. This objection, that the case fails to show facts sufficient to constitute a cause of action, is available at any time, and need not be raised by demurrer.

The judgment of the Municipal Court should be reversed, with costs.