WILCOX, Appellant, v. DANIELS & STRICKLAND, Respondents.

1. A voluntary dismissal of an appeal by the defendant in an action of forcible entry and detainer, is a breach of the condition of a recognizance to prosecute the appeal with effect and without delay, and the party aggrieved may have relief in an ordinary action on the recognizance.

*Appeal from Jefferson Circuit Court.*

This was an action on a recognizance of appeal, executed by Daniels as principal, and Strickland as security, on appeal from the judgment of a justice of the peace in an action of forcible entry and detainer, wherein Wilcox, appellant here, was plaintiff, and Daniels, respondent here, was defendant.  In this action of forcible entry and detainer, judgment was given for the plaintiff, Wilcox ; and the defendant, Daniels, appealed to the Circuit Court, and filed a recognizance, with Strickland as security, conditioned that he would " prosecute his appeal with effect and without delay, neither commit, nor suffer to be committed, any waste or damage on the premises whereof restitution was adjudged, and pay all rents and profits, damages and costs, that might be adjudged against him, and otherwise abide the judgment of the Circuit Court."

On this recognizance the present suit is brought, and the breaches assigned are, that Wilcox did not prosecute his appeal with effect and without delay, but voluntarily dismissed the same without so prosecuting it ; that defendant did not pay to plaintiff the rents and profits and damages justly due him. Plaintiff set forth in his petition that, in consequence of the appeal, he was unable to get possession of the premises in controversy until some time in the latter part of June, 1854, too late to raise a crop of corn upon the same during that year.

The recognizance was set forth in the petition.   The defendants demurred to the petition, and the demurrer was sustained and judgment given thereon for the defendant.

*Green* and *Chas. Jones*, for appellant.

*Pipkin*, for respondents.

Scott, Judge, delivered the opinion of the court.

The question raised by this record is, whether an ordinary action will lie upon an appeal bond taken in a justice's court, in a forcible detainer, or whether the appellee is not confined exclusively to the judgment which may be rendered on the ap-

peal in the court in which it may be tried, so that, if he fails to obtain an assessment of the damages he has sustained in that manner, he is remediless.

We are not aware of any principle which excludes the plaintiff from an ordinary action on the appeal bond. It is true he might have resisted the dismissal of the appeal and insisted on his right to have his damages assessed according to the condition of the appeal bond, in the court to which the appeal was taken. But we do not see that his failure to do this should entitle the defendant to the advantage, which he seeks to obtain by his defence to this action. The dismissal contemplated by the 30th and 31st sections of article 1 of the act concerning forcible entries and detainers, is such as is had at the instance of the appellee, and not that which is voluntary. The act of the defendant, in voluntarily dismissing his own appeal, clearly contravened the condition of his bond, that he would prosecute his appeal with effect. We see no difference in principle between this case and that of Cockerill vs. Owen (10 Mo. 287). With the concurrence of the other judges, the judgment is reversed, and the cause remanded.