JOHN L. BERNECKER, Respondent, *v.* WENDELIN MILLER and LOUIS KOEHLER, Appellants.

1. *Landlord and tenant — Unlawful detainer — Appeal bond — Damages.* — The defendant, in an action before a justice of the peace for unlawful detainer, appealed from a judgment rendered against him, and gave a bond conditioned that he should prosecute the appeal with effect and without delay, and afterward failed to prosecute the appeal, and the appeal was dismissed, but no judgment was rendered against him in the appellate court. Plaintiff then sued for damages on the bond, alleging a breach of the above condition, claiming rents and profits as damages. *Held,* that the condition above stated having been broken, the liability to a judgment for the penalty was complete; and that, if the plaintiff was deprived of the use of the property, or of his right to restitution by the appeal, the damage arising from such deprivation was the result of the appeal, and, the condition of the bond being broken, the obligee would be entitled to execution for such damages.

*Appeal from St. Louis Circuit Court.*

The facts are stated in the opinion of the court.

*P. C. Morehead,* for appellants.

I. On the appeal bond read in evidence by the plaintiff, together with the allegations of the petition, the plaintiff could not recover the rents and profits accruing before the justice.

II. The only breach of the conditions of the bond is that the defendant failed to prosecute the appeal with effect. In a suit on a recognizance or appeal bond, to authorize a recovery, proper breaches should be assigned, and the resulting damages alleged and proved. There is no breach alleged for non-payment of rents and profits, nor is there any proof of damages resulting from a failure to prosecute with effect, even if such had been the case and was a proper breach.

*R. S. McDonald,* for respondent.

BLISS, Judge, delivered the opinion of the court.

Respondent obtained a judgment against defendant Miller in an action for unlawful detainer, before John Bray, justice of the peace, for dispossession, rents, etc. He made affidavit and filed bond for appeal; but, failing to bring up his transcript, the plaintiff produced it and moved to dismiss the appeal, which was done, and the action of the court was sustained by this court. (Bernecker v. Miller, 37 Mo. 498). Afterward the justice issued a writ of restitution and execution, for damages and costs, and for rents and profits. Defendant Koehler paid $77.55 upon the execution, which nearly covered the money demand on its face, but there was no payment of rents, etc., and the return of the sheriff showed that the amount could not be made of Miller. The plaintiff then brings this action upon the appeal bond executed by both the defendants, and alleges as breach that Miller failed to prosecute his appeal with effect, that the appeal was dismissed, etc. The Circuit Court gave him judgment for $800, the penalty of the bond, with execution for the damages found for the plaintiff, amounting to $273.70, and for costs; and defendants appeal to general term, and thence to this court.

The declarations of law asked by defendants, the facts having been submitted to the court, were, first, that "upon the bond read in evidence by the plaintiff he can not recover the rents and profits, damages and costs, recovered on the trial before Justice Bray;" and, second, that "on the petition, answer, and evidence, the plaintiff can not recover;" both of which were refused by the court.

As there was no judgment in this case in the appellate court for "rents and profits, damages and costs," the appeal having been simply dismissed, the defendants claim — and by these declarations raise the question—that they are not liable for such rents, etc., upon the bond, and that the allegations of the petition that Miller failed to prosecute his appeal with effect, that it was dismissed, etc., do not show such a breach as will cover this liability.

There are several conditions to the obligation of the bond: 1. That the appeal shall be prosecuted with effect and without delay. 2. That appellant shall not commit waste or damage. 3. That he shall pay the rents and profits, etc., that may be adjudged against him. 4. That he shall otherwise abide by the judgment of the appellate court. The plaintiff relies upon the breach of the first condition. The appeal was not prosecuted with effect, for no steps were taken by Miller, after filing the bond, to perfect or prosecute his appeal. This condition having been broken, the liability to a judgment for the penalty is complete, and the only question is one of damages. Are the defendants liable as well for rents and profits, not having prosecuted their appeal, as they clearly would have been by the express terms of the bond, had judgment been rendered in the Circuit Court against the appellant for such rents, etc.? This question is answered if we will consider whether the plaintiff was deprived of the use of the property, of his right to restitution, by the appeal. If so, the damage arising from such deprivation is the result of the appeal and of giving the appeal bond; and, the condition of the bond being broken, the obligee should be entitled to execution for such damages.

Judgment is affirmed. The other judges concur.