THE TEXAS COMPANY, A CORPORATION, APPELLANT v. DAVID WAX AND SOUTHERN SURETY COMPANY OF NEW YORK, A CORPORATION, RESPONDENTS.—36 S. W. (2d) 122.

St. Louis Court of Appeals. Opinion filed March 3, 1931.

*Bryan, Williams, Cave & McPheeters* for appellant.

*George Eigel* for respondent, Southern Surety Company. *James T. Roberts,* of counsel.

SUTTON, C.—This is an action on a supersedeas bond.

The petition alleges that plaintiff, the Texas Company, is a corporation organized under the laws of the State of Delaware, and authorized to do business in the State of Missouri; that defendant, Southern Surety Company of New York, is a corporation organized under the laws of New York, and engaged in the business of executing indemnity and surety bonds for hire; that on February 9, 1928,

plaintiff instituted an action of unlawful detainer against defendant, David Wax, before a justice of the peace in the City of St. Louis, for the recovery of certain premises in said city unlawfully detained by said defendant; that on February 14, 1928, said action in unlawful detainer was removed to the Circuit Court of the City of St. Louis by *certiorari;* that upon the trial of said action of unlawful detainer in said circuit court, on March 19, 1928, plaintiff had judgment for the recovery of the possession of said premises; that on May 5, 1928, the St. Louis Court of Appeals, on application of said Wax, made an order granting said Wax a writ of error from said judgment, and also granting a stay of execution of said judgment upon the filing of a supersedeas bond in the penal sum of $4,000; that said supersedeas bond in said amount was filed on said day in said St. Louis Court of Appeals, duly executed by said Wax as principal, and said Southern Surety Company as surety; that said bond was approved by said court and that said stay of execution and order of supersedeas thereupon became in full force and effect; that said bond provided that said Wax, as principal, and said Southern Surety Company, as surety, were held and firmly bound unto the plaintiff in the sum of $4,000, upon the condition that, whereas the said Wax had applied to the St. Louis Court of Appeals for writ of error and stay of execution on the said judgment of the Circuit Court of the City of St. Louis, Missouri, hereinbefore described, ''If the said David Wax shall prosecute the said writ of error with effect and without delay, neither commit nor suffer to be committed, any waste or damage on the premises whereof restitution is adjudged, and pay all rents and profits, damages and costs that may be adjudged against him, and shall otherwise abide the judgment of the St. Louis Court of Appeals in said cause, then this obligation shall be void, otherwise to remain in full force and effect;'' that upon the execution and approval of said bond and by virtue of the said order of supersedeas and stay of judgment entered by said St. Louis Court of Appeals, the said Wax continued in possession of the premises heretofore described, and that on March 5, 1929, the said St. Louis Court of Appeals entered its judgment affirming the judgment of the Circuit Court of the City of St. Louis in said cause, and thereafter overruled the motion for rehearing of said Wax, and that on April 17, 1929, the said Wax surrendered possession of said premises to the plaintiff; that under said order of supersedeas and stay of judgment entered by said St. Louis Court of Appeals and under said bond hereinabove described, the said Wax remained in possession of said premises from March 19, 1928, until April 17, 1929, a period of approximately thirteen months, and that the rents and profits of said premises for said period were and are of the reasonable value of $250 per

month, and that demand has heretofore been made upon said Wax and upon said Surety Company for the payment of said rents and profits of said premises during said period at the rate of $250 per month, but that no part thereof has been paid, and that plaintiff has been damaged in the breach of said bond in the sum of $3,250; and prays that plaintiff may have judgment for the penal sum of said bond, and that execution issue for the sum of $3,250, together with interest thereon from the date of the filing of the petition.

The defendants filed separate demurrers to the petition. The demurrers were sustained by the court, and the plaintiff declining to plead further, judgment was given for the defendants, from which judgment plaintiff has appealed to this court.

Plaintiff insists here that the court erred in sustaining the demurrers to the petition; whereas defendants insist that the petition does not state facts sufficient to constitute a cause of action, and that the demurrers were, therefore, properly sustained.

The recognizance sued on was given to obtain a supersedeas, or stay of execution of the judgment of the circuit court, in an unlawful detainer action. It conforms in all respects to the recognizance prescribed by the statute. Section 2518, Revised Statutes 1929, provides that in actions of unlawful detainer no appeal to the appellate or supreme courts shall operate as a stay of execution, and that no supersedeas shall be awarded to the party in possession, unless the conditions of the recognizance contain the substance of the conditions prescribed in case of an appeal by. a defendant from a judgment of a justice of the peace in such an action. Sections 2498 and 2501, Revised Statutes 1929, provide that in case of an appeal by a defendant from a judgment of a justice of the peace in an action of unlawful detainer, such defendant shall enter into a recognizance to the complainant, conditioned that he shall prosecute his appeal with effect and without delay, neither commit, nor suffer to be committed, any waste or damage on the premises whereof restitution is adjudged, and pay all rents and profits, damages and costs that may be adjudged against him, and otherwise abide the judgment of the circuit court in the cause.

The conditions of the recognizance sued on in the present case conform precisely to the conditions thus prescribed by sections 2498 and 2501, with changes appropriate for a recognizance given on a writ of error issued on a judgment of the circuit court.

The defendants' position is that no rents and profits are recoverable on this recognizance because no rents and profits were adjudged by the judgment of the circuit court in the unlawful detainer action, on which the writ of error issued; whereas plaintiff insists that since no rents and profits were adjudged by the judgment of the circuit court in the unlawful detainer action, a recovery may be had on

856

the recognizance for the reasonable value of the rents and profits accruing from the date of such judgment until restitution of the premises was made.

Since this is a statutory recognizance, it must be construed in the light of the provisions of the statute authorizing it, and prescribing its condition. Indeed, the construction of the statute construes the recognizance. In this connection, it will be helpful also to study the provisions of Sections 2459, 2461 and 2464, of the unlawful detainer act. These sections provide that whenever in an action of unlawful detainer, the verdict of the jury, or finding of the justice, shall be for the complainant, damages shall be assessed as well for waste and injury committed upon the premises found to be unlawfully detained, as for all rents and profits due and owing up to the time of the rendition of the verdict, or finding of the justice, and such verdict or finding shall also find the monthly value of the rents and profits of said premises; and that the justice shall enter judgment for the complainant for the restitution of the premises, and for the recovery of double the sum assessed by the jury or found by the justice, for his damages, and also at the rate of double the sum found by the jury or justice, per month, for rents and profits, from the date of the verdict or finding, until restitution be made, together with costs. It will be observed that the rents and profits, up to the time of the verdict of the jury, or finding of the justice, are returned by the verdict or finding and entered in the judgment, as damages, and the monthly rents and profits are separately found, and are adjudged to be recovered at the rate per month so found until restitution of the premises be made. It is manifest that the damages and rents and profits so found and adjudged are intended to be covered by the recognizance in case of an appeal from the judgment of the justice. The recognizance prescribed by Sections 2498 and 2501 is not in express terms conditioned that the appellant shall pay the damages and rents and profits adjudged against him by the justice, but it is conditioned merely that appellant shall prosecute his appeal with effect and without delay, neither commit nor suffer to be committed any waste or damage on the premises whereof restitution is adjudged, and pay all rents and profits, damages and costs that may be adjudged against him, and otherwise abide the judgment of the circuit court in the cause. The language of the condition that the appellant shall pay all rents and profits, damages and costs, that may be adjudged against him, obviously refers to rents and profits, damages and costs, that may be adjudged against him in the circuit court to which the cause is appealed. It has no reference whatever to the rents and profits, damages and costs that are adjudged against him in the justice court. But the rents and profits, damages and costs that are adjudged against him in the

justice court are covered by the condition that he shall prosecute his appeal with effect. If he does not prosecute his appeal with effect, as in case the judgment of the justice be affirmed, or the appeal be dismissed, the judgment of the justice remains in full force, and the recognizance is breached, and in such case the rents and profits, damages and costs adjudged, are clearly recoverable on the recognizance.

As already said, the recognizance in the present case contains the substance of the conditions prescribed by Sections 2498 and 2501, as required by Section 2518, with changes appropriate for a recognizance in case of the issuance of a writ of error on a judgment of the circuit court. So that the conditions are that the plaintiff in error shall prosecute the writ of error with effect, and without delay, neither commit, nor suffer to be committed, any waste or damage on the premises whereof restitution is adjudged, and pay all rents and profits, damages and costs, that may be adjudged against him, and otherwise abide the judgment of the St. Louis Court of Appeals in the cause. The plaintiff in error failed to prosecute his writ of error with effect, for the judgment of the circuit court was affirmed, so that, for such breach of this condition, any rents and profits adjudged against him by the circuit court, would be recoverable on the recognizance. But no rents and profits were adjudged against him by the circuit court; the judgment was for restitution only. Plaintiff contends, it appears, that it is entitled to recover these rents and profits under the condition of the recognizance that the plaintiff in error shall pay all rents and profits that may be adjudged against him. It says that this condition means that the plaintiff in error shall pay all rents and profits that may be adjudged against him in an action on the recognizance. It is obvious, however, that the condition refers to rents and profits that may be adjudged agains` him by the appellate court, in its disposition of the unlawful detainer action on the writ of error. To say that the condition refers to rents and profits that may be adjudged against him in an action on the recognizance, would present the anomaly of allowing a recovery on the recognizance before it is breached. The condition is that the plaintiff in error shall pay all rents and profits that may be adjudged against him. How could such condition be breached until the rents and profits are adjudged? Plaintiff says the condition could not refer to rents and profits adjudged in the appellate court on the writ of error, since the appellate court could not in any case, on appeal or writ of error in an unlawful detainer action, adjudge rents and profits, but could only affirm or reverse the judgment of the lower court. This suggestion is in the teeth of the statute. Section 1063, Revised Statutes 1929, expressly provides that the Supreme Court and Court of Appeals, on appeals or writs of error,

shall examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law. Surely it cannot be said that under no circumstances or state of facts could the appellate court, on appeal or writ of error, in an unlawful detainer case, reverse the judgment of the circuit court and give such judgment for rents and profits as such court ought to have given. This construction of the statute is aided by the general provisions of the statute, relating to the recognizance required on appeals and writs of error. Section 1048, Revised Statutes 1929, provides that no order allowing a writ of error to stay the execution shall be made by the Supreme Court or courts of appeals, or by any judge thereof, unless the plaintiff in error shall enter into a recognizance conditioned that the plaintiff in error will prosecute such writ with effect, and pay the money that shall therein be adjudged against him by the Supreme Court or courts of appeals, or otherwise abide the judgment of such courts therein. It will be observed, that the condition of this recognizance does not, in express terms, require that the plaintiff in error shall pay the judgment of the circuit court, but requires merely that he pay the money that shall therein be adjudged against him by the Supreme Court or Court of Appeals. The judgment of the circuit court is covered solely by the condition that the plaintiff in error will prosecute the writ of error with effect. Section 1022, relating to the recognizance to be given in cases of appeals, requires that the recognizance be conditioned that the appellant will prosecute his appeal with due diligence to a decision in the appellate court, and shall perform such judgment as shall be given by such court, or such as the appellate court may direct the circuit court to give, and if the judgment of such court, or any part thereof, be affirmed, that he will comply with and perform the same so far as it may be affirmed, and will pay all damages and costs which may be awarded against the appellant by the appellate court. The condition of the recognizance, as prescribed by this section, does not provide that the appellant shall prosecute his appeal with effect, but covers the judgment of the circuit court, by the condition that the appellant will prosecute his appeal with due diligence to a decision in the appellate court, and that if such judgment, or any part thereof, be affirmed, he will comply with and perform the same so far as it may be affirmed. This is the equivalent of requiring the appellant to prosecute his appeal with effect.

The condition that the appellant or plaintiff in error will prosecute the appeal or writ with effect, means that he will prosecute it successfully, and pay the judgment of the circuit court if he does not. If he does not prosecute the appeal or writ successfully, and does

not pay the judgment of the circuit court, he breaches the recognizance and an action thereon accrues to the appellee or defendant in error for the amount of the judgment. Nothing will discharge the sureties on the recognizance but the reversal or setting aside of the judgment. If the appellant or plaintiff in error suffers the appeal or writ to be dismissed, he does not prosecute the appeal or writ with effect. Likewise, if he prosecutes the appeal or writ to a decision in the appellate court, and the decision is an affirmance of the judgment of the circuit court, he does not prosecute his appeal or writ with effect. In either case, the sureties are liable for the amount of the judgment of the circuit court. [Campbell v. Harrington, 93 Mo. App. 315.] There can be no question that this condition makes the sureties liable for all rents and profits recovered by the judgment of the circuit court in an unlawful detainer action, when the appeal or writ of error is dismissed, or the judgment of the circuit court is affirmed. But does this condition make the sureties liable for rents and profits not recovered by the judgment of the circuit court? The manifest purpose of the recognizance is to indemnify the complainant in the unlawful detainer action against all damages resulting from the supersedeas. Unquestionably, the plaintiff here was, by virtue of the supersedeas, deprived of the use of the premises of which restitution was adjudged by the judgment of the circuit court. Under that judgment plaintiff was entitled to immediate restitution. The supersedeas deprived it of restitution for approximately thirteen months. The damages resulting to plaintiff from such deprivation were directly caused by the supersedeas, and the condition of the recognizance that plaintiff in error should prosecute the writ of error with effect, having been broken, the plaintiff should be entitled to recover, by way of damages, the reasonable value of the rents and profits accruing during the period it was thus deprived of the use of the premises. [Wilcox v. Daniels, 22 Mo. 493; Bernecker v. Miller, 44 Mo. 126.] If rents and profits had been adjudged by the circuit court in the unlawful detainer action, plaintiff would be concluded thereby, and the rents and profits so adjudged would be the measure of its recovery, by way of damages, for rents and profits. But since the judgment of the circuit court was merely for restitution, and no rents and profits were adjudged, and obviously the value of the rents and profits was not in issue or adjudicated, we see no reason why the plaintiff is not entitled to recover, by way of damages, in this action on the recognizance, the reasonable value of the rents and profits accruing during the period it was deprived of the use of the premises by virtue of the recognizance, as such reasonable value may be shown by the evidence upon the trial of the cause.

Abernathy v. Schembra (Mo. App.), 231 S. W. 1005, relied on by defendants, is distinguishable on its facts from the present case.

We are constrained to hold that the learned trial court erred in sustaining the demurrers to the petition. The Commissioner, therefore, recommends that the judgment of the circuit court be reversed, and the cause remanded.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed, and the cause remanded. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.

## ON MOTION FOR REHEARING.

SUTTON, C.—Defendants insist that our opinion runs counter to the rule against the splitting of a cause of action, that the plaintiff not having asked for rents and profits in the unlawful detainer action, but having asked only for restitution of the premises, thus split its cause of action and is concluded by the judgment in that action as to its right to recover rents and profits, and therefore may not recover rents and profits, by way of damages, in this action on the recognizance. Defendants liken the unlawful detainer action to the action in ejectment, and rely on Stump v. Hornback, 109 Mo. 272, 18 S. W. 37, as authority for their insistence that the plaintiff has split his cause of action. We can see nothing in that case that sustains the defendants' view. At common law the plaintiff in ejectment was not permitted to recover rents and profits in that action, but could only recover possession, and was compelled to resort to a separate action for his rents and profits, after the recovery of possession in ejectment. The right conferred by the statute to join causes of action for possession and for rents and profits is merely a privilege, and the plaintiff in ejectment may still, if he so desires, confine the relief sought in such action to the recovery of possession, and resort to a separate action for his rents and profits. [9 R. C. L. 939.] In this connection, we should not lose sight of the fact that the present action is not an action for the double rents and profits recoverable in the unlawful detainer action by way of penalizing the guilty party, but it is an action for damages on a recognizance—a contract—entered into between the parties, after final judgment for restitution in the unlawful detainer action. Plaintiff's right of action springs from this contract. Under this contract, plaintiff is entitled to recover whatever damages resulted to it by loss of rents and profits on account of the supersedeas which stayed his judgment for restitution. Since no rents and profits were pleaded or prayed for in the unlawful detainer suit, and the rents and profits were not

adjudicated therein, plaintiff ought not be precluded from recovering, by way of damages, in the present action, on the recognizance given to stay the judgment, the rents and profits subsequently accruing, and lost to plaintiff on account of the stay of the judgment.

The contention that plaintiff, because it did not seek to recover in the unlawful detainer action the double rents and profits it was entitled to under the statute, is therefore precluded by the judgment in that action from recovering in this action on the recognizance, the reasonable value of the rents and profits subsequently accruing, and lost to plaintiff by virtue of the defendants' successful resistance of restitution under the judgment, for a period of thirteen months, made possible only by the giving of the recognizance, does not appeal to a right sense of justice.

Defendants further contend that the opinion is in conflict with Bauer v. Cabanne, 105 Mo. 110, 16 S. W. 521. That case was an action on a recognizance given on appeal by defendant from the judgment of the circuit court, dismissing his appeal from the judgment of a justice of the peace, in an unlawful detainer action. That case is clearly distinguishable from the present case, in that the circuit court judgment appealed from, and to stay which the recognizance sued on was given, not only did not adjudge any rents and profits, but neither did it adjudge restitution of the premises.

The Commissioner recommends that the motion for rehearing be overruled.

PER CURIAM:—The foregoing opinion of Sutton, C., is adopted as the opinion of the court. The motion for rehearing is accordingly overruled. *Haid, P. J.*, and *Becker* and *Nipper, JJ.*, concur.