STATE OF MISSOURI, at the relation of THE SOUTHERN SURETY COMPANY OF NEW YORK, a Corporation, Relator, v. HONORABLE GEORGE F. HAID, WILLIAM DEE BECKER and SIMON G. NIPPER, Judges of the St. Louis Court of Appeals.—49 S. W. (2d) 41.

Division One, April 2, 1932.

*George Eigel* for relator; *James T. Roberts* of counsel.

*Bryan, Williams, Cave & McPheeters* for respondents.

RAGLAND, J.—*Certiorari.* In this proceeding relator seeks to have quashed, on the ground of conflict of decision, the opinion and judgment of the St. Louis Court of Appeals in the case of Texas Co. v. Wax, 36 S. W. (2d) 122. The facts as stated by the Court of Appeals are as follows:

"This is an action on a *supersedeas* bond.

"The petition alleges that plaintiff, the Texas Company, is a corporation organized under the laws of the state of Delaware, and authorized to do business in the state of Missouri; that defendant Southern Surety Company of New York is a corporation organized under the laws of New York, and engaged in the business of executing indemnity and surety bonds for hire; that on February 9, 1928, plaintiff instituted an action of unlawful detainer against defendant David Wax before a justice of the peace in the city of St. Louis for the recovery of certain premises in said city unlawfully detained by said defendant; that on February 14, 1928, said action in unlawful detainer was removed to the circuit court of the city of St. Louis by *certiorari*; that, upon the trial of said action of unlawful detainer in said circuit court on March 19, 1928, plaintiff had judgment for the recovery of the possession of said premises; that on May 5, 1928, the St. Louis Court of Appeals, on application of said Wax, made an order granting said Wax a writ of error from said judgment, and also granting a stay of execution of said judgment upon the filing of

a *supersedeas* bond in the penal sum of $4,000; that said *supersedeas* bond in said amount was filed on said day in said St. Louis Court of Appeals, duly executed by said Wax as principal, and said Southern Surety Company as surety; that said bond was approved by said court, and that said stay of execution and order of *supersedeas* thereupon became in full force and effect; that said bond provided that said Wax, as principal, and said Southern Surety Company, as surety, were held and firmly bound unto the plaintiff in the sum of $4,000, upon the condition that, whereas the said Wax had applied to the St. Louis Court of Appeals for writ of error and stay of execution on the said judgment of the circuit court of the city of St. Louis, Missouri, hereinbefore described, 'if the said David Wax shall prosecute the said writ of error with effect and without delay, neither commit nor suffer to be committed, any waste or damage on the premises whereof restitution is adjudged, and pay all rents and profits, damages and costs that may be adjudged against him, and shall otherwise abide the judgment of the St. Louis Court of Appeals in said cause, then this obligation shall be void, otherwise to remain in full force and effect'; that upon the execution and approval of said bond, and by virtue of the said order of *supersedeas* and stay of judgment entered by said St. Louis Court of Appeals, the said Wax continued in possession of the premises heretofore described, and that on March 5, 1929, the said St. Louis Court of Appeals entered its judgment affirming the judgment of the circuit court of the city of St. Louis in said cause, and thereafter overruled the motion for rehearing of said Wax, and that on April 17, 1929, the said Wax surrendered possession of said premises to the plaintiff; that under said order of *supersedeas* and stay of judgment entered by said St. Louis Court of Appeals, and under said bond hereinabove described the said Wax remained in possession of said premises from March 19, 1928, until April 17, 1929, a period of approximately thirteen months, and that the rents and profits of said premises for said period were and are of the reasonable value of $250 per month, and that demand has heretofore been made upon said Wax and upon said Surety Company for the payment of said rents and profits of said premises during said period at the rate of $250 per month, but that no part thereof has been paid, and that plaintiff has been damaged in the breach of said bond in the sum of $3,250; and prays that plaintiff may have judgment for the penal sum of said bond, and that execution issue for the sum of $3,250, together with interest thereon from the date of the filing of the petition.

"The defendants filed separate demurrers to the petition. The demurrers were sustained by the court, and the plaintiff declining to plead further, judgment was given for the defendants, from which judgment plaintiff has appealed to this court."

The court's ruling was as follows:

"The condition that the appellant or plaintiff in error will prosecute the appeal or writ with effect means that he will prosecute it successfully, and pay the judgment of the circuit court if he does not. If he does not prosecute the appeal or writ successfully, and does not pay the judgment of the circuit court, he breaches the recognizance, and an action thereon accrues to the appellee or defendant in error for the amount of the judgment. Nothing will discharge the sureties on the recognizance but the reversal or setting aside of the judgment. If the appellant or plaintiff in error suffers the appeal or writ to be dismissed, he does not prosecute the appeal or writ with effect. Likewise, if he prosecutes the appeal or writ to a decision in the appellate court, and the decision is an affirmance of the judgment of the circuit court, he does not prosecute his appeal or writ with effect. . . .

"Unquestionably, the plaintiff here was, by virtue of the *supersedeas*, deprived of the use of the premises of which restitution was adjudged by the judgment of the circuit court. Under that judgment plaintiff was entitled to immediate restitution. The *supersedeas* deprived it of restitution for approximately thirteen months. The damages resulting to plaintiff from such deprivation were directly caused by the *supersedeas*, and the condition of the recognizance that plaintiff in error should prosecute the writ of error with effect having been broken, the plaintiff should be entitled to recover, by way of damages, the reasonable value of the rents and profits accruing during the period it was thus deprived of the use of the premises. . . .

"We are constrained to hold that the learned trial court erred in sustaining the demurrer to the petition."

Relator contends that the decision of the Court of Appeals is in conflict with two decisions of this court: the one in Bauer v. Cabanne, 105 Mo. 110, and the one in Tittman v. Greene, 108 Mo. 22. The bonds involved in those two cases are essentially different from the one the Court of Appeals had under consideration. If, therefore, a conflict of decision exists, it must arise through a failure of the Court of Appeals to apply some general principle of law announced in the two decisions just mentioned which it should have applied. The only applicable general principle we find in them relates to the obligation assumed by a surety: The surety is not to be held beyond the terms of his contract, he is bound by his agreement and nothing more.

The bond involved in the case decided by the Court of Appeals contained a condition not found in either of the bonds in the Bauer and Tittman cases, namely, "if the said Wax (principal) shall

prosecute said writ of error *with effect."* This condition the Court of Appeals held was breached, and that by reason of such breach the obligee was entitled to recover the damages which naturally and proximately flowed therefrom. The loss of the rents and profits of which the obligee was deprived during the period for which the bond operated to stay the judgment of restitution the court further held constituted such damages. We are unable to discover any conflict between such holdings and the principle of law just referred to. Our writ was improvidently issued and should be quashed. It is so ordered. All concur.