ED SPICKARD, SHERIFF, RESPONDENT, v. CONTINENTAL CASUALTY CO., APPELLANT.—64 S. W. (2d) 734.

Kansas City Court of Appeals. November 6, 1933.

*H. K. West* and *L. A. Warden* for respondent.

*Rex H. Moore* and *Platt Hubbell* for appellant.

CAMPBELL, C.—Harry Tidd, on October 16, 1931, brought suit in the Circuit Court of Grundy County against Kelley Fisher to recover an alleged debt in the sum of $950. The suit was aided by attachment. Writ of attachment was issued and placed in the hands of Ed Spickard, sheriff, for service. The sheriff indorsed return on the writ, stating that by virtue thereof he took into his possession and under his control certain specifically described personal property. Thereafter, in November, judgment was rendered in the cause sustaining the attachment and awarding plaintiff the sum of $850 ''as per decree filed.'' The judgment was later set aside by order of the court and this latter order was also thereafter set aside by agreement of the parties and a formal judgment entered sustaining the attachment and awarding recovery in favor of plaintiff in the sum of $850.

In November, 1931, the Cleveland Tractor Company brought suit against Ed Spickard as sheriff of Grundy county and another in replevin to obtain possession of the property described in the sheriff's return in the attachment writ. The petition in replevin and the affidavit are in due form. At the time of the institution of the replevin suit the plaintiff therein as principal and the Continental Casualty Company, defendant herein, as surety, executed a replevin bond in the penal sum of $2000, conditioned as provided in Section 1626, Revised Statutes 1929. An elisor was duly appointed to execute the writ of replevin. No return was indorsed on the writ or filed in the cause. In March, 1932, minute entry was made in the cause in which it is recited that evidence was heard and finding and judgment ''is for the defendant as per judgment filed.'' In November, 1932, there was written upon the records in said cause a formal judgment in which it is recited that the parties to the action appeared, answered ready for trial, waived jury, and that the court after being fully advised found that the property described in plaintiff's petition at the time of the commencement of the suit, was in the possession of the said sheriff of Grundy county; that the plaintiff was not entitled to recover the property; that the sheriff's codefendant was not in possession of the property at the time of the commencement of the suit, and adjudged that the defendant Spickard have judgment therein.

The instant suit is upon the bond in replevin to recover the amount of the judgment in the case of Tidd v. Fisher and for the expense incurred by plaintiff in caring for the property seized under the writ of attachment. The cause was tried to the court, jury waived, plaintiff had judgment as prayed. The defendant has appealed.

At the close of the evidence the defendant requested the court to declare that plaintiff "as a matter of law" was not entitled to recover. The request was refused. No other declarations of law were asked or given. Therefore, if there was any substantial evidence authorizing the judgment it will be sustained on appeal. [State ex rel. v. Staed, 143 Mo. 248.]

The defendant contends that it was not liable upon the replevin bond for the following reasons: (1) That the sheriff did not levy upon or take into his possession any property under the writ of attachment; (2) that the writ of replevin was not executed and, (3), that there was no judgment for the return of the property to the sheriff.

The return upon the writ of attachment states facts showing that the property involved in the replevin suit was seized by the sheriff in virtue of the writ. The petition in the replevin action alleges that the defendant sheriff "under a writ of attachment in the case of Harry Tidd v. Kelley C. Fisher has attached and is holding" the property described in the return of the writ of attachment. The bond in replevin was executed by Cleveland Tractor Company as principal and Continental Casualty Company as surety. The recitals therein in legal effect say that the property was in the possession of Sheriff Spickard.

Plaintiff Spickard testified that he seized the property under the writ of attachment and left it with Mr. Hatfield who was taking care of it, and that he arranged with Mr. Hatfield to feed and care for the stock; that the other property was in Hatfield's possession; that he did not take the property from the possession of Mr. Hatfield, and that the elisor, Booher, "served a paper on me and I turned it over to him."

Mr. Booher testified that he carried the writ in replevin for several months and finally delivered it to counsel for the appellant; that he never saw the property and did not take it into his possession.

One of the attorneys for the plaintiff in the replevin action testified that after the bond was given the Cleveland Tractor Company, plaintiff in the action, took possession of the property and disposed of it. "I think they sold it." In taking possession of the property the Cleveland Tractor Company obtained all the benefits which could have accrued to it by due service of the writ. In the circumstances the failure of the elisor did not relieve the plaintiff or its surety from the burden imposed upon them in the replevin bond.

The defendant says that the sheriff did not take the property into his possession under the writ of attachment. The allegations of the

petition in the replevin suit to the effect that the sheriff in virtue of the writ of attachment had seized and was then in the possession of the property were binding and conclusive upon the plaintiff in the action for the reason that it was estopped to controvert its pleading. [Kelley v. Briggs, 290 S. W. 105.]

Furthermore, the judgment ordered in March, 1932, and which the defendant claims was amended *nunc pro tunc* in November, 1932, adjudged that the sheriff at the time of the institution of the suit was in possession of the property, and that the plaintiff therein was not entitled to recover it. The finding was conclusive upon the parties.

The defendant says that the minute entry of March, 1932, was not sufficient to authorize the court to enter the *nunc pro tunc* judgment in November, 1932. No appeal was taken from the latter judgment. The evidence introduced at the hearing is not before us. Manifestly, we cannot say the court committed error in ordering the amendment.

The defendant contends that the judgment did not order return of the property to the defendant Spickard and, therefore, the latter cannot maintain action on the bond. This insistence does not take into consideration all of the provisions of the bond. The conditions of the bond were that the plaintiff therein "shall prosecute its action in replevin against defendant with effect," and that plaintiff shall return the property, if return be adjudged, and in default thereof pay the assessed value. These are separate conditions, independent covenants, and a failure to perform either was a breach of the bond. The provision that the plaintiff shall prosecute the action with effect means that it will prosecute it successfully. [Texas Co. v. Wax et al., 36 S. W. (2d) 122, 125.] The failure of the Cleveland Tractor Company to prosecute the action successfully was a breach of the bond. Thereupon the sheriff had a cause of action on the bond and was entitled to recover nominal damages though no actual damages were proven. [Morrison v. Yancey, 23 Mo. App. 670.]

The motion for new trial does not assign that the judgment was excessive. Therefore, the amount of recovery will not be reviewed on appeal. But the evidence shows that plaintiff was entitled to recover the amount of the judgment in the case of Tidd v. Fisher and the expense incurred by him in caring for the property seized under the writ of attachment. The judgment was for the right party and should be and is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.