MONIRA C. KNAPP, RICHIE KNAPP and GEORGE W. GREEN v. W. L. FREDRICKSON.

23 So. (2nd) 762                                    June Term, 1945
November 30, 1945                                      Division A
Rehearing denied December 10, 1945

*Carrol Dunscombe,* for appellants.
*Arthur R. Clonts,* for appellee.

BUFORD, J.:

This cause is before us on appeal to review a judgment of the Circuit Court in and for Martin County, Florida, record of which is as follows:

"This cause coming on the 28th day of June, A. D. 1945, to be heard upon the trial of said cause, in respect to the counter-claim of W. L. Fredricksen against Richie P. Knapp, as principal, and Monira C. Knapp and George W. Green, as sureties, counter-claimant defendants, and there being present counsel for the respective parties, and the jury, being duly sworn to try the issues in said cause, and after having heard the evidence and instructions of the court, found a verdict for the counter-claimant, W. L. Fredricksen, in words and figures as follows:

"We the jury find for the defendant and counter claimant, W. L. Fredrickson, and assess his damages at $750.00 against the counter defendants, Monira C. Knapp, Richie P. Knapp and George W. Green. So say we all.

"Dated June 28, 1945.

R. A. Tunley,
Foreman.

"It is, therefore, ordered and adjudged that the counter-claimant, W. L. Fredricksen, do have and recover of and from the counter-claimed defendants, Richie P. Knapp as principal, and Monira C. Knapp and George W. Green, as sureties, his damages in the sum of $750.00, together with his costs herein taxed by the Clerk of this court at $7.75 for all of which let execution issue.

Done and ordered at Stuart, Florida, this 19th day of July, A. D. 1945."

The judgment was based on a claim arising out of the alleged obligations and conditions of a supersedas bond theretofore executed by the counterclaim defendants payable to the counter-claimant.

The order allowing the supersedeas and fixing the conditions of the bond is reflected by the record and such conditions as stated in said order were:

"IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED: That the appeal filed in this cause from the order of this court denying the amended petition to intervene, do operate as a supersedeas and stay the proceedings herein pending the determination of said appeal by the appellate court upon the said petitioner Richie Knapp's giving and filing in this court a bond in the sum of $1500, payable to the plaintiff herein; and conditioned to pay all costs that may have accrued in this cause since the supersedeas bond of M. C. Knapp was filed and up to the time of the filing and approval of the petitioner Richie Knapp's bond; and to pay all the costs that may accrue in and about the prosecution of his said appeal and all costs and damages which might accrue to the plaintiff by the reason of the suing out of the said appeal, including therein a reasonable attorney's fee, unless the said appeal shall be prosecuted without delay and to effect;"

The counter-claim alleged, inter alia:

"That upon the petition of the said Richie Knapp in said cause in the Circuit Court for the said court to fix and determine the condition of a supersedeas bond, an order was entered on the 3rd day of May A. D. 1941, granting the same upon the condition that the cause be superseded and the proceedings stayed pending the determination of the said appeal

by the appellate court upon the said petitioner's Richie Knapp, giving and filing in this court a bond in the sum of $1,500.00 and, among other things, conditioned to pay all costs that may have accrued and damages which might accrue to the plaintiff (Wm. L. Fredricksen) by reason of the suing out of the said appeal, including therein a reasonable attorney's fee, unless the said appeal shall be prosecuted without delay and to effect; the said bond to be approved by the Clerk of this Court. That a certified copy of said order of supersedeas is hereto attached, made a part hereof and marked Defendant's Exhibit "A".

"Thereafter, on the 14th day of May, A. D. 1941, Richie P. Knapp as principal, and Monira C. Knapp and George W. Green as sureties, made, executed and delivered an appeal or supersedeas bond to the Clerk of said Court in accordance with and pursuant to said order granting the said supersedeas. A copy of said bond is attached hereto, made a part hereof and marked Defendant's Exhibit "B".

"That thereafter the Supreme Court of Florida after hearing argument by counsel for the respective parties at Tallahassee, Florida, affirmed or confirmed the decree or decrees of the said Circuit Court in said cause, and thereafter the mandate of the Supreme Court was handed down to the Circuit Court, this being all in connection with the appeal of Richie Knapp and M. C. Knapp."

Demurrer was interposed to the counter-claim, the grounds of which were in effect that the counter claim stated no cause of action against the plaintiff. The demurrer was over-ruled and such ruling is assigned as error.

The bond only required that "the said appeal shall be prosecuted without delay and to effect."

It is contended by appellant that there is no showing in the record that the appeal was not prosecuted without delay and "to effect."

The case in which the bond was required and given is reported Knapp v. Fredricksen, 148 Fla. 311, 4 So. (2nd) 251, and the issues presented by the appeal were there definitely determined, though adversely to the appellant.

The Circuit Court might have avoided any question in this regard by requiring the appellant to give the bond conditioned that appellant be liable on the bond on the failure of appellant to promptly prosecute the appeal or in event that the appeal be dismissed or in the event that the decree appealed from be affirmed. See Tonnelier v. Tonnelier, 133 Fla. 691, 182 So. 900; Lawson et al. v. Board of Public Instruction of Franklin County., et al., 114 Fla. 153, 154 Sou. 170.

Before there can be any recovery on the bond, however, it must appear that the conditions of the bond have been breached. So it becomes necessary for us to construe the language used in the bond, viz: *"and to effect"* and determine what it means as used in this bond. Neither counsel for appellant nor for the appellees have favored us with the citation of any authorities and we have, therefore, been compelled to resort to independent investigation. The courts are not all in harmony but most of the authorities existing at the time the opinion was written in the case of Moffat Tunnel Improvement District v. U. S. Fidelity & Guaranty Co., 37 Delaware 473, 185 Atl. Rep. 186, were referred to by the Supreme Court of Delaware in that opinion and commented on, and the weight of authority appears to be in harmony with the conclusions reached in that opinion. The court held there that the words used in the bond under consideration, to-wit: "with effect" should be construed to mean "with success." Supporting this construction, the court cited the following cases; Lawlor v. Merritt, 81 Conn. 715, 72 A. 143, 144; Commonwealth v. Lenhart, 233 Pa. 526, 82 A. 777, 779; Texas Co. v. Wax, 226 Mo. App. 850; 36 S.W. (2nd) 122; Trent v. Rhomberg, 66 Tex. 249, 18 S.W. 510; Babbitt v. Finn, 101 U.S. 7, 13, 25 L. Ed. 820; Gould v. Warner, 3 Wend. (N.Y.) 54; Doe v. Daniels, 6 Blackf. (Ind.) 8; Legate v. Marr, 8 Blackf. (Ind.) 404, 405; Harthaus v. Owings, 6 Har. & J. (Md.) 134; Perreau v. Bevan, 5 Barn. & C. 284; Morgan v. Griffith, 7 Mod. 380; Vaughn v. Norris, Cas. t. Hard. 137. See also Town of Seaford v. Eastern Shore Public Service Co., ......Del......, 24 Atl. (2nd) 436; Campbell v. Harrington, 93 Mo. App. 315; Texas Co. v. Wax et al, ......Mo. App......, 36 S.W. (2nd) 122; Springer et al v. Gosztola, ......Ind. App. 34 N.E. (2nd) 155.

In the case of Kasson et al. v. Estate of Brocker, 47 Wis. 79, 1 N.W. Rep. 418, the court reached a different conclusion but the conclusion there reached appears to have been based principally on the statute applicable to bonds such as that under consideration.

We think that the construction adopted by the Delaware court in the Moffat Tunnel Improvement District case, supra, is supported by reason and logic because if any other construction is placed on the words *"to effect"* they will give no addititional meaning to that which would have obtained had the condition been merely that the appellant prosecute his appeal without delay.

So we hold that as used in this bond, the words *"to effect"* mean the same as if the words "with success" had been used.

We have carefully examined the record in the light of briefs submitted and find no reversible error reflected. Appellant has stated and argued many other questions, all of which we have considered and have reached the conclusion that they do not require any discussion in this opinion.

The judgment appealed from is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.