**Anna SCOWDEN, Plaintiff-Respondent,**

**v.**

**Cecil SCOWDEN, Defendant-Appellant.**

**No. 7503.**

Springfield Court of Appeals.

Missouri.

Jan. 29, 1957.

Byron Kearby, Poplar Bluff, for defendant-appellant.

Roy W. McGhee, Roy W. McGhee, Jr., Greenville, for plaintiff-respondent.

RUARK, Judge.

◼ This is an appeal from judgment in a divorce case. Appellant's complete points and authorities are as follows:

"Where alimony is adjudged the court shall make orders touching the alimony and maintenance for the wife as from the circumstances of the parties and the nature of the case shall be reasonable.

"Missouri Statutes Annotated 1949, Section 452.070.

"After giving consideration to all the relevant circumstances in this case the award of the court of alimony in gross of $6,500.00 is grossly excessive.

"Carr v. Carr [Mo.], 232 S.W.2d 488.

"Allowance of alimony is addressed to the sound discretion of the court, taking into consideration, however, the age, health and financial circumstances of the parties.

"Carr v. Carr, supra."

The first and third paragraphs are mere statements in the abstract and present nothing for review. See Beeler v. Board of Adjustment of City of Joplin, Mo.App., 298 S.W.2d 481. This leaves us with the sole assignment that the amount of alimony is grossly excessive.

We are of the opinion that we cannot consider this assignment, because such claim of error was not preserved in the motion for new trial. The only reference to alimony which we find in such motion is:

"2. That the Court erred in entering judgment for alimony in gross against the defendant."

◼ On civil appeals (with certain exceptions not here concerned) no claim of error can be considered unless it was *presented to or expressly decided* by the trial court. Sec. 512.160, R.S.Mo. 1949, V.A.M.S. This applies to claims of error in regard to the amount awarded. Klaber v. O'Malley, Mo.Sup., 90 S.W.2d 396, 401; Tynes v. Terrill, Mo.App., 19 S.W.2d 505, 507; Campbell v. Polk, Mo.App., 297 S.W. 719, 720. Such claim of error must be set forth in a motion for new trial. If the question was presented during the progress of the trial and definite objections or requests were made, with a specific statement of the grounds or reasons therefor, then the motion for new trial need only call attention to the claim of error generally. But if the error claimed occurred after the case was submitted, then, in order to preserve the point for appeal, *such error must be specifically set out.* Supreme Court Rule 3.23, 42 V.A.M.S. This is true, although the motion for new trial, being a dual purpose instrument, may in some instances also serve to procure a favorable ruling of the trial court upon a claim of error which cannot be considered on appeal. Castorina v. Herrmann, 340 Mo. 1026, 104 S.W.2d

297, 300; Johnson v. Kansas City Public Service Co., 358 Mo. 253, 214 S.W.2d 5, 8.

■ Claims of error in regard to excessive damages *must be clearly and expressly asserted*. A general statement which does not *distinctly designate* the excessiveness of the award as the error relied upon will not serve to preserve such excessiveness as an assignment of error on appeal. 3 Am.Jur., Appeal and Error, sec. 401, p. 132; 4 C.J.S., Appeal and Error, § 388, p. 838; Tynes v. Terrill, 19 S.W.2d 505, supra; Spickard v. Continental Casualty Co., 228 Mo.App., 233, 64 S.W.2d 734; Marsters v. Bray, Mo.Sup., 85 S.W.2d 479, 481; Bond v. Williams, 279 Mo. 215, 214 S.W. 202, 206, 16 A.L.R. 755; Sweet v. Maupin, 65 Mo. 65, 68.

"Assignments of errors in a motion for a new trial to warrant a review thereof on appeal may in some instances be general and not specific, but they must always be direct and not left to be inferred from what is directly assigned. The office of a motion for a new trial is to gather together the rulings complained of as erroneous, and solemnly and formally present them, one by one, in black and white to the judge in order that he have a last chance to correct his own errors without the delay, or expense, or other hardships of an appeal. This much is required. Less does not preserve the rulings for review." Fruit Supply Co. v. Chicago, B. & Q. R. Co., Mo. App., 119 S.W.2d 1010, 1011.

■ The motion for new trial here does not "distinctly specify" the excessiveness of the alimony as a claim of error. Rather, the general charge that the court erred in entering judgment in gross gives the impression that appellant's *then* complaint was concerned with the allowance of any alimony, or, if not that, perhaps in allowing alimony in gross instead of in installments. The appellant fired a shotgun in all directions when he should have aimed a rifle at the bull's-eye. The trial court cannot be convicted of error for failure to use speculation and surmise in searching

out a target for the appellant's claim. Because of this failure in the motion for new trial no claim of error has been preserved for this court. Nevertheless, in deference to Supreme Court Rule 3.27 we have examined the transcript and the numerous exhibits, word for word, and have read the case cited by appellant. We are of the opinion that the amount allowed was within the limits permitted by the evidence and that no manifest injustice has resulted from the judgment. The judgment is affirmed.

McDOWELL, P. J., and STONE, J., concur.