LOTT *v.* UNIVERSAL C. I. T. CREDIT CORPORATION

No. 40962 June 9, 1958 103 So. 2d 446

*H. C. (Mike) Watkins*, Meridian, for appellant.

*W. A. Temple,* Meridian, for appellee.

McGEHEE, C. J.

## ON MOTION TO DISMISS THE APPEAL

A final judgment was rendered in favor of appellee, Universal C. I. T. Credit Corporation, against the appellant, P. L. Lott, on the 17th day of October 1957 in the Circuit Court of Lauderdale County, Mississippi, for the sum of $800.85 and the court costs.

On the next day thereafter, the appellant filed a "motion for a written opinion", asking that the circuit judge render a written opinion concerning the issues and the holding of the court in connection with the peremptory instruction granted in favor of the appellee, and assigned four grounds as to why he thought a written opinion should be rendered by the circuit judge in the matter. Thereupon, he mailed a copy of this motion to the circuit judge and a copy thereof to the attorney for the appellee. Thereafter, there was added to the original motion, which is marked filed "10-18-57", at the end of the fourth ground assigned therefor, the following words: "Defendant also moves the court for a new trial." These nine additional words were added with pen and ink, and it is conceded in the briefs on this motion for dismissal of the appeal that the quoted words written in pen and ink were not on the copies of the motion for a written

opinion mailed to the circuit judge and to the attorney for the appellee.

On October 19, 1957, the circuit judge wrote to the appellant's attorney a letter stating that: "This will acknowledge receipt of a copy of your motion for a written opinion in Cause No. 6001. It is always my desire to co-operate in all possible ways with the attorneys, but in this case the record seems to me to be clear and to speak for itself, and that any further proceedings in this matter should be by way of appeal." This letter was filed by the attorney for the appellant with the circuit clerk on "11-26-57", and at the top of the page on which the letter was written, there was written in pen and ink, by someone other than the circuit judge, the following words: "Motion for written opinion overruled by letter of Judge dated Oct. 19, 1957. Letter does not overrule motion for new trial." In fact, no motion for a new trial had been presented to the circuit judge or filed with the clerk assigning any reasons as to why a new trial should be granted.

Thereafter, upon motion, the above-quoted notation at the top of the page on which the letter was written were stricken from the record insofar as the record on this appeal was to be concerned therewith.

 In opposition to the motion of the appellee to dismiss this appeal, the appellant contends that his motion for a new trial has not been overruled, and from which we understand that he is contending that the motion for a new trial is still pending in the trial court. If the appellant is correct in this contention, then his appeal was prematurely taken and this Court would have no jurisdiction in the case until his alleged motion for a new trial shall have been finally disposed of.

 On the other hand, if the procedure hereinbefore outlined does not constitute a motion for a new trial, and we do not think that it does. the appeal here of the appellant was not perfected within ninety days

from the rendition of the judgment, as required by Chapter 214, Laws of 1954, and therefore the motion to dismiss the appeal should be sustained for that reason; that is to say, the appeal should be dismissed if the procedure taken by the appellant amounted to a motion for a new trial, since no order was ever taken overruling the same and the cause was still pending in the trial court, and if the procedure was not sufficient to constitute the filing of a motion for a new trial, then the running of the ninety-day statute of limitation on the filing and approval of the appeal bond was not extended.

▮▮ In either event, the motion to dismiss the appeal must be sustained, and under the decision of this Court in the recent case of J. D. Davidson, et al., d. b. a. Davidson Lumber Company v. Hunsicker, 224 Miss. 203, 79 So. 2d 839, a judgment must be rendered on the supersedeas bond of the appellant, both against him and his sureties for the amount of the judgment of October 17, 1957, together with interest and five percent damages thereon.

In the Davidson v. Hunsicker case, supra, at p. 205, the motion of the appellee for the allowance of five percent damages on the judgment appealed from was disallowed, but thereafter on motion to correct the judgment the attention of the Court was called to certain statutes mentioned in the opinion rendered on the motion to correct judgment at p. 206 of the reported case in 224 Miss., and the appellant and the sureties on his supersedeas bond were held to be liable for both the judgment, interest, five percent damages and the costs. Accordingly, a judgment will be so ordered in the case at bar against the appellant and the sureties on his supersedeas bond, upon the sustaining of this motion to dismiss the appeal.

Motion to dismiss the appeal of the appellant sustained.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.