SHANNON, Judge.
The appellant, American Casualty Company of Reading, Pennsylvania, was surety on the supersedeas bond of C. M. Dun-ham. The appellee, Pan American Bank of Miami, obtained judgment against C. M. Dunham, whereupon Dunham filed a notice of appeal, with American, Casualty Company as surety on the aforesaid bond. The District Court of Appeal, Second District, on its own motion, entered an order dismissing the appeal, setting forth as grounds therefor that the said notice of appeal was not timely filed in accordance with the provisions of Rule 3.2(b), Florida Appellate Rules, 31 F.S.A. Fla.App., 118 So.2d 264. Thereafter, Dunham, by writ of certiorari took the case to the Florida Supreme Court, but that court denied his petition. Fla., 122 So.2d 402. Then, on motion of Pan American Bank of Miami, the circuit court judge issued a Rule to Show Cause directed to the surety on the supersedeas bond, to show cause why the surety should not be ordered to pay the judgment. A hearing was held, after which a final judgment was entered against American Casualty Company of Reading, Pennsylvania, and in favor of Pan American Bank of Miami, which judgment was in the amount of $6,-862.59, “plus interest at 6% per annum from March 25, 1959, to date of this judgment, * * The surety has appealed this judgment holding it liable on the bond, and has, in its brief, posed two questions for us to answer, viz.: 1) Did the court err in entering judgment against the surety? and 2) Did the court err in allowing interest from March 25, 1959, the date of the judgment against Dunham, to September 5, 1962, the date of the judgment against the surety? It will be noted that the supersedeas bond contains the following conditions:
“The conditions of this obligation are such that whereas the said C. M. Dunham has taken an appeal in the Appeals Court, Second District, Lake-land, Florida; Now, Therefore, if he, the said C. M. Dunham shall pay the sum of $4,973.00 for principal, $1,362.-73 as interest to date thereon, plus costs of the proceeding, together with the sum of $526.86 as attorney’s fees, in the event said appeal is dismissed or the Judgment sought to be reviewed is affirmed, then this obligation shall be null and void, otherwise to remain in full force and effect.” (Emphasis added).
The appellant, in regard to the first point, takes the position that there was a total failure of consideration for the super-sedeas bond, which would prohibit the ap-pellee herein from recovering on it. It further takes the position that the terms and conditions of the bond indicate without question that the surety issued the bond upon reliance of the fact that the defendant, C. M. Dunham, had taken a timely and valid appeal from the judgment of the circuit court, when in fact his filing of an untimely notice of appeal presented to the lower court a matter in which it had absolutely no jurisdiction. The judgment rendered against appellant was therefore one which was rendered on a contract which' was null and void at its inception, and the failure of Dunham to take a timely appeal was a failure of consideration, a condition precedent; and as a consequence of such failure the appellee cannot avail himself of unjust benefits from a contract between C. M. Dunham and American Casualty Company of Reading, Pennsylvania. Ap *29 pellant cites the case of Davis v. Huth, 1906, 43 Wash. 383, 86 P. 654, for this proposition.
If the Davis case were the only authority on this question we might take a different view. However, in 10 Appleman, Insurance Law and Practice, § 6013, the author states:
“An appellant who fails to perfect his appeal, or who permits it to fail for want of prosecution, has breached his appeal bond, rendering the surety liable to the appellee. The conditions of a supersedeas bond were held to have been breached by the failure of the principal to file a petition in error within the time allowed. And the failure of an appellant to serve and file abstracts of the record and briefs, as required by the court rules, was deemed to constitute a breach of the bond. Where, due to the termination of the existence of the appellant, the appeal could not be prosecuted, the surety on an appeal bond was held liable.
“The trial court’s findings that taxicab drivers were independent contractors, in an injunction suit against the city to restrain the collection of license fees, was held not to prevent the taxicab company from bringing suit, and hence the latter’s surety on a superse-deas bond was not relieved of liability. And the fact that an appellant failed to take the proper steps to give the appellate court jurisdiction was no defense to liability on the supersedeas bond.”
The following jurisdictions are listed as following this view: United States, Colorado, Illinois, Louisiana, Missouri, and Oklahoma. Submitted as contra is the case of Woodle v. Settlemyer, 1914, 71 Or. 25, 141 P. 205, L.R.A.1915A, 839.
In 163 A.L.R. 407, after reporting the case of Knapp v. Fredrickson, 1945, 156 Fla. 600, 23 So.2d 762, 163 A.L.R. 407, there is an annotation with reference to supersedeas bonds, in which, under the heading of “Dismissal or abandonment of appeal” it is stated, at p. 425:
“It is well settled that the condition in a supersedeas bond to prosecute the appeal with effect or to effect is broken by failure to perfect or duly to prosecute the appeal so that a dismissal thereof results, and it is immaterial whether the dismissal is a voluntary or ,an involuntary one.”
Among the many cases so holding, we note the Mississippi cases of Lott v. Universal C. I. T. Credit Corporation, 1958, 233 Miss. 801, 103 So.2d 446; and I. D. Davidson v. Hunsicker, 1955, 224 Miss. 203, 80 So.2d 834, for the reason that these cases have decided most of the questions involved in the present case. In the Davidson case the court said:
“The provisions of Section 1973, supra, accord with the rule which has been adopted by a large number of the courts. See 3 Am.Jur., Appeal and Error, Section 1281, page 769, as follows: ‘The general rule is that the dismissal or abandonment of an appeal operates as an affirmance of the judgment within the meaning of an appeal bond or undertaking conditioned for the payment of the judgment if affirmed. So, where the dismissal is for failure to perfect the appeal or to observe other statutory requirements, the sureties are liable on the bond.’ See also 5 C.J.S. Appeal and Error § 2049 f, as follows: ‘Usually a dismissal of the appeal for failure to perfect or prosecute the appeal is regarded as the equivalent of an affirmance within the meaning of a bond conditioned to pay or satisfy the judgment if affirmed.’ ”
We will accept this general rule and affirm the lower court on this point.
In regard to the second point, namely, whether or not interest should have been allowed, it will be noted that the bond in question was filed under Rule 5.7, Florida *30 Appellate Rules, and Sec. 59.13(3), Fla. Stat.1961, 'F.S.A., which section reads as follows:
“When the judgment, order or decree requires or provides unconditionally for the payment or recovery of money, the bond shall be payable to the adverse party, conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed.”
Due to the fact that the statute and rule provide for the bond to be payable, “including costs, interest (if chargeable), and ■damages for delay, * * * ” and in view of Kahn v. American Surety Company of New York, 1935, 120 Fla. 50, 162 So. 335, and Daubmyre v. Hunter, 1932, 106 Fla. 858, 144 So. 408, we can find no error in the lower court’s judgment on this point. In 5 Am.Jur.2d, Appeal and .Error, Sec. 1060, it is said:
“ * * * Thus, for example, where a personal judgment is appealed from, the ‘damages and costs’ which the appellant is to answer for are the judgment, including interest as an incident thereto. This may be true even though •a fixed penalty is stipulated and the recovery of interest would swell the amount of the judgment above such stipulated penalty, although it has also been held that a surety on an appeal bond was only liable for interest to the extent of the penal sum in the bond where the total interest due exceeded such penal sum.”
'See the following cases in support of this ■statement: Catlett v. Brodie, 1824, 9 Wheat. (22 U.S.) 553, 6 L.Ed. 158; Stolar v. Turner, 1947, 238 Iowa 1168, 29 N.W.2d 417; Anthony v. Warren, 1948, 28 Wash.2d 773, 184 P.2d 105, 190 P.2d 88; The Wanata, 1877, 95 U.S. 600, 24 L.Ed. 461; Ives v. Merchants’ Bank of Boston, 1843, 12 How. (53 U.S.) 159, 13 L.Ed. 936; Where-att v. Ellis, 1899, 103 Wis. 348, 79 N.W. 416; and City of New York Ins. Co. v. Stephens, Mo.1953, 260 S.W.2d 558.
Finding no error in the lower court’s judgment, we must affirm.
Affirmed.
SMITH, C. J., and ODOM, ARCHIE M., Associate Judge, concur.